|   |   |
|---|---|
| 1 | Danielle Hultenius Moore (SBN 232480) |
|   | E-Mail: dmoore@fisherphillips.com |
| 2 | FISHER & PHILLIPS LLP |
|   | 4747 Executive Drive, Suite 1000 |
| 3 | San Diego, California 92121 |
|   | Telephone: (858) 597-9600 |
| 4 | Facsimile: (858) 597-9601 |
| 5 | Ariella T. Onyeama (SBN 259839) |
|   | E-Mail: aonyeama@fisherphillips.com |
| 6 | Chase P. Parongao (SBN 336506) |
|   | E-Mail: cparongao@fisherphillips.com |
| 7 | FISHER & PHILLIPS LLP |
|   | 444 South Flower Street, Suite 1500 |
| 8 | Los Angeles, California 90071 |
|   | Telephone: (213) 330-4500 |
| 9 | Facsimile: (213) 330-4501 |
| 10 | Attorneys for Defendant |
|   | GRAPHIC PACKAGING INTERNATIONAL, |
| 11 | LLC |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| EFREN GUTIERREZ, an individual, | CASE NO.: |
| Plaintiff, | [*Removed from Los Angeles Superior Court Case No. 22STCV27536*] |
| v. | **DEFENDANT'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446** |
| GRAPHIC PACKAGING INTERNATIONAL, LLC, a Delaware Limited Liability Company; and DOES 1 through 10, inclusive, | *[Filed concurrently with Civil Cover Sheet; Certificate of Interested Parties; Corporate Disclosure Statement; Notice of Related Cases; and Declarations of Ariella Onyeama and E. Jewelle Johnson]* |
| Defendants. | Complaint Filed: August 24, 2022 |
| | Trial Date: None set |

DEFENDANT'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446

FP 45207964.4

**TO PLAINTIFF, HIS COUNSEL OF RECORD AND TO THE CLERK OF THE COURT FOR THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE THAT**, Defendant Graphic Packaging International, LLC ("Defendant") by and through its counsel of record Fisher & Phillips LLP, respectfully removes this action filed by Plaintiff Efren Gutierrez ("Plaintiff") from the Superior Court of the State of California, County of Los Angeles (hereinafter, "State Court"), Case No. 22STCV27536, to the United States District Court for the Central District of California. This removal is based on diversity jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441(b) and is timely under 28 U.S.C. § 1446. The basis for removal is complete diversity of citizenship, as is more fully set forth below.

## I. THE STATE COURT ACTION

1. On or about August 24, 2022, Plaintiff filed an unverified Complaint ("Complaint") in State Court, thereby initiating the civil action entitled, "*EFREN GUTIERREZ v. GRAPHIC PACKAGING INTERNATIONAL, LLC, a Delaware Limited Liability Company; and DOES 1 through 10, inclusive*" designated as Case No. 22STCV27536 ("State Court Action"). A true and correct copy of the Complaint from the State Court Action is attached as Exhibit 1 to the Declaration of Ariella Onyeama ("Onyeama Decl.").

2. In his Complaint, Plaintiff alleges the following ten causes of action against Defendant: (1) Failure to Provide Employee File; (2) Disability Discrimination; (3) Age Discrimination; (4) Retaliation (Cal. *Gov. Code* § 12940(h)); (5) Failure to Prevent Discrimination and Retaliation; (6) Failure to Provide Reasonable Accommodation; (7) Failure to Engage in Good Faith Interactive Process; (8) Retaliation (Cal. *Lab. Code* §§ 98.6, 1102.5); (9) Unfair and Unlawful Business Practices (Cal. *Bus. & Prof. Code* §§ 17200 *et seq)*.; and (10) Wrongful Termination in Violation of Public Policy. (Onyeama Decl., at ¶ 2,

Ex. 1). Plaintiff seeks general damages (including emotional distress damages), special and compensatory damages, punitive damages, civil penalties, attorneys' fees and other relief. (*Id.* at ¶ 2, Ex. 1, at p. 29).

3. The Complaint was served on Defendant on August 26, 2022. (Onyeama Decl., at ¶ 3).

4. Defendants "DOES 1 through 10, inclusive" have not been identified and there is no record that any Doe defendants have been served with the Summons or the Complaint in the State Court Action.

5. On September 26, 2022, Defendant filed and served its answer in State Court. (Onyeama Decl., at ¶ 4, Ex. 2).

## II. REMOVAL IS TIMELY

6. This removal is timely filed as required by 28 U.S.C. § 1446(b) as it is being filed within 30 days of the date of first service of the Summons and Complaint in the State Court Action on Defendant, which was August 26, 2022, and within one year of the date the State Court Action was filed. (Onyeama Decl., at ¶¶ 3, 5).

7. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1). As set forth below, 28 U.S.C. § 1332(a) grants district courts original jurisdiction over civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. This case meets all the diversity statute's requirements for removal and is timely and properly removed by the filing of this Notice. *See* 28 U.S.C. §§ 1332, 1441, and 1446.

## III. COMPLETE DIVERSITY EXISTS BETWEEN THE PARTIES

8. Diversity of citizenship exists in this matter because Plaintiff is a citizen of California (Onyeama Decl., at ¶ 2, Ex. 1, ¶ 1) and Defendant is a citizen of Delaware and Georgia. (Declaration of E Jewelle Johnson ("Johnson Decl."), at ¶¶ 3-4). Complete diversity between Plaintiff and Defendant has existed at all times

since the filing of the Complaint. (Onyeama Decl., at ¶ 2, Ex. 1, ¶ 1; Johnson Decl., at ¶¶ 3-4).

### A. Plaintiff's Citizenship

9. Based on the allegations in Plaintiff's Complaint, Plaintiff is now, and has at all times since the filing of the Complaint, been a citizen of the State of California. (Onyeama Decl., at ¶ 2, Ex. 1, ¶ 1). The presumption of continuing domicile provides a legal presumption that Plaintiff is still a resident and citizen of the State of California. *See Mondragon v. Capital One Auto Fin.,* 736 F.3d 880, 885 (9th Cir. 2013). For removal purposes, citizenship is measured both when the action is filed and removed. *Strotek Corp. v. Transport Ass'n of America,* 300 F.3d 1129, 1131 (9th Cir. 2002). For diversity purposes, a person is a citizen of the state where he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.,* 704 F.2d 1088, 1090 (9th Cir. 1983). Residency is prima facie evidence of domicile and citizenship. *Mondragon*, 736 F.3d at 886 (citing *Hollinger v. Home State Mut. Ins. Co.*, 654 F. 3d 564, 571 (5th Cir. 2011)). The Complaint explicitly states that "Plaintiff is, and at all times mentioned in this Complaint was, a resident of the County of Los Angeles, California." (Onyeama Decl., at ¶ 2, Ex. 1, ¶ 1). Plaintiff therefore is, and at all times since the commencement of this action has been, a resident and citizen of California.

### B. Defendant's Citizenship

10. As Defendant is an LLC, the Court must look to the citizenship of each of its members. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Here, the sole member of Defendant is Graphic Packaging International Partners, LLC ("GPIP"). (Johnson Decl., at ¶ 3). GPIP, in turn, is owned by two member entities Graphic Packaging Holding Company and GPI Holding I, Inc. (Johnson Decl., at ¶ 4). As corporate entities, Graphic Packaging Holding Company and GPI Holding I, Inc. are citizens of every state and foreign state by which they have been incorporated and of the state or foreign state where

they maintain their principal place of business. 28 U.S.C. §1332(c)(1). Graphic Packaging Holding Company and GPI Holding I, Inc. were at the time of the filing of this action and continues to be corporations organized under the laws of Delaware. (Johnson Decl., at ¶ 4).

11. A corporation's principal place of business is "the place where [its] officers direct, control, and coordinate the corporation's activities. . . [sometimes referred to as its] 'nerve center.'" *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). A corporation may only have a singular "principal place of business." *Id.* at 93. (Johnson Decl., at ¶ 4). GPI's President and Chief Executive Officer, and other high-ranking officers are located in and at all times relevant to this action have been located in Georgia. GPI's business operations, strategic decisions, legal decisions, and investments are made from its headquarters in Georgia. Defendant's principal place of business or "nerve center" is therefore in Georgia. (Johnson Decl., at ¶ 5). GPI is accordingly a citizen of both Delaware and Georgia.

12. The sole named Defendant in the Complaint is a citizen of a state outside of California. *Id.* at ¶¶ 3-4.

13. Doe defendants 1 through 10, inclusive, are not identified, have not been served and are not considered for purposes of diversity jurisdiction. Pursuant to 28 U.S.C. § 1441(b)(1), the residence of fictitious and unknown defendants should be disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. § 1332. *Newcombe v. Adolf Coors Co.,* 157 F.3d 686, 690 (9th Cir. 1998); *Fristoe v. Reynolds Metals Co.,* 615 F.2d 1209, 1213 (9th Cir. 1980) (providing unnamed defendants are not required to join in a removal petition). The exclusion of Doe defendants 1 through 10, inclusive, from this petition does not deprive this Court of jurisdiction.

14. Plaintiff is a citizen of California, while Defendant is a citizen of Delaware and Georgia. The parties are accordingly citizens of different states for purposes of diversity jurisdiction.

## IV. THE AMOUNT IN CONTROVERSY EXCEEDS THE JURISDICTIONAL REQUIREMENTS

15. Diversity jurisdiction exists where the parties are diverse of citizenship and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. §1332(a).

16. The amount in controversy can be determined from the complaint or from other sources, including statements made in the notice of removal. *See Kanter v. Warner-Lambert Co.,* 265 F.3d 853, 857 (9th Cir. 2001) (examining complaint and notice of removal for citizenship determination); *Valdez v. Allstate Ins. Co.,* 372 F.3d 1115, 1117 (9th Cir. 2004) (reiterating "the amount-in-controversy inquiry in the removal context is not confined to the face of the complaint."); *Cohn v. Petsmart, Inc.,* 281 F.3d 837, 839-40 & n.2 (9th Cir. 2002) (considering settlement demand letter for purposes of determining amount in controversy).

17. In assessing the amount in controversy for diversity jurisdiction purposes, "a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Roth v. Comerica Bank,* 799 F. Supp. 2d 1107, 1117 (C.D. Cal 2010) *(internal citations omitted)*. Where "plaintiff's complaint, filed in state court, demands monetary relief of a stated sum, that sum, if asserted in good faith, is 'deemed to be the amount in controversy.'" *Dart Cherokee Basin Operating Co. v. Owens* 574 U.S. 81, 84 (2014) (quoting 28 U.S.C. § 1446(c)(2)). The amount in controversy also includes any possible award of attorneys' fees. *Lowdermilk v. U.S. Bank Nat'l Ass'n.,* 479 F.3d 994, 1000 (9th Cir. 2007) (*internal citations omitted*).

18. A court may also consider the aggregate value of claims for compensatory and punitive damages. *See e.g., Bell v. Preferred Life Society* 320 U.S. 238, 240 (1943) (stating "[w]here both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining jurisdictional amount."); *Romo v. FFG Ins. Co.,* 397 F. Supp. 2d 1237,

1240 (C.D. Cal. 2005) (reasoning that "[i]n an amount in controversy inquiry for diversity purposes, punitive damages, where authorized, are counted toward the requirement"). The ultimate inquiry is what amount is put in controversy by the plaintiff's complaint, not what the amount of a defendant's liability (if any) will ultimately be.

19. The removing defendant meets its burden of establishing that the amount in controversy exceeds $75,000 by showing that the "facially apparent" allegations in the complaint demonstrate the amount in controversy. *Luckett v. Delta Airlines, Inc.,* 171 F.3d 295, 298 (5th Cir. 1999); *see also White v. FCI USA, Inc.,* 319 F.3d 672, 675-676 (5th Cir. 2003) (where "facially apparent" in a wrongful termination case was met by showing a lengthy list of compensatory and punitive damages). Here, Plaintiff's Complaint includes both explicit monetary demands and factually apparent allegations that evidence an amount in controversy exceeding $75,000.

20. Per Plaintiff's Prayer for Relief, Plaintiff requests general damages for "no less than $1,000,000.00," special damages for "no less than $1,000,000.00," and penalties for "no less than $100,000.00" (Onyeama Decl., at ¶ 2, Ex. 1, at p. 29). Plaintiff's explicit demands for monetary relief alone far exceed the $75,000 threshold.

21. Plaintiff's demand for general damages, includes monetary relief for psychological and emotional distress, humiliation, mental pain and physical pain and anguish in an amount to be proven at trial. (Onyeama Decl., at ¶ 2, Ex. 1, at ¶ 32). Emotional distress damages are considered in determining the amount in controversy. *See Kroske v. U.S. Bank Corp.,* 432 F.3d 976, 980 (9th Cir. 2015). To establish the amount of emotional distress in controversy, a defendant may introduce evidence of jury verdicts in other cases. *Cain v. Hartford Life and Acc. Ins. Co.,* 890 F. Supp. 2d 1246, 1250 (C.D. Cal. 2012). Emotional distress damages in employment discrimination cases "may be substantial," and the Ninth Circuit in

*Kroske* reasoned that emotional distress damages "would add at least an additional $25,000" to the plaintiff's claim. *Kroske*, 432 F.3d at 980. Given Plaintiff's complaints of psychological and emotional distress, humiliation, mental pain and physical pain and anguish, Plaintiff is more than likely to seek a substantial sum exceeding $75,000 for his alleged emotional distress.

22. Similarly, Plaintiff's demand for special damages includes his allegations that he has suffered and will continue to suffer economic harm, "including lost wages, lost future income and employment benefits, damage to his career, lost overtime, unpaid expenses, and penalties, as well as interest on unpaid wages..." (Onyeama Decl., at ¶ 2, Ex. 1, at ¶ 31).

23. Plaintiff further demands punitive damages in an amount "appropriate to punish Defendant and deter others from engaging in similar misconduct on appropriate legal causes of action." By the very nature of punitive damages, awards can be significant, and in some cases, a punitive award itself can establish the amount in controversy. *Aucina v. Amoco Oil Co.*, 871 F. Supp. 332, 334 (S.D. Iowa 1994) (concluding in a discrimination and wrongful termination case that the purpose of punitive damages is to capture the defendant's attention and to deter others from similar conduct such that the plaintiff's claim for punitive damages could alone exceed the jurisdictional minimum).

24. Plaintiff further demands an unspecified sum for attorneys' fees. (Onyeama Decl., at ¶ 2, Ex. 1, at p. 29). Attorneys' fees (future and accrued) are considered in determining whether the amount in controversy requirement has been satisfied if a plaintiff sues under a statute that authorizes an award of fees to the prevailing party. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998); *see also Miera v. Dairyland Ins. Co.,* 143 F.3d 1337, 1340 (10th Cir. 1998); *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). The California Fair Employment and Housing Act (Cal. *Gov. Code* Section 12900 *et seq.* ("FEHA")) provides for attorneys' fees to be awarded to successful

plaintiffs. *See* Cal. *Gov. Code* § 12965(c). Plaintiff's claim for attorneys' fees alone are more than likely to exceed $75,000, especially if this matter goes to trial.

26. In requesting further relief as the Court may deem proper, Plaintiff's Complaint demonstrates his request for relief does not stop at the request for damages for at least $1,000,000.00 in general damages, at least $1,000,000.00 in special damages, at least $100,000.00 in penalties, emotional distress, lost wages, lost future income and employment benefits, attorneys fees and punitive damages.

26. Pursuant to all the foregoing, Plaintiff has unquestionably placed in controversy an amount exceeding $75,000, exclusive of interest and costs.

## V. REMOVAL IS SUBJECT TO A LIBERAL PLEADING STANDARD

27. A notice of removal is subject to the same general pleading standards of Federal Rules of Civil Procedure Rule 8(a). A short and plain statement setting forth the grounds for removal is sufficient without the need to attach evidence or meet a burden of proof. *Dart*, 574 U.S. at 86-89 (quoting 28 U.S.C. § 1446(a)). This governing principle also extends to a removing party's allegations as to the amount in controversy. *Id.* at 87-89; *Ibarra v. Manheim Invs. Inc.*, 775 F. 3d 1193, 1196-1197 (9th Cir. 2015); *Garnett v. ADT LLC*, 74 F. Supp. 3d 1332, 1334 (E.D. Cal. 2015).

## VI. THE REQUIREMENTS OF 28 U.S.C. § 1446 ARE MET

28. Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." *Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663, 666 (1953). This Court (the Central District of California, Western Division) embraces the Los Angeles County Superior Court, which is where Plaintiff's Complaint was originally filed and is where the action is currently pending. This Court is accordingly the appropriate court to which to remove this action.

29. As required by 28 U.S.C. § 1446(d), a copy of the Notice of Removal will be attached to a Notice to Adverse Parties and State Court of Defendant's Filing of Notice of Removal, which will be promptly served on Plaintiff and filed with the Clerk of the State Court.

## VII. CONCLUSION

30. Complete diversity of citizenship exists inasmuch as Plaintiff is a citizen of California and Defendant is a citizen of Delaware and Georgia. The amount in controversy exceeds $75,000. This Court accordingly has diversity jurisdiction of this matter pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and Defendant has properly removed the State Court Action to this Court. Defendant reserves, and does not waive, any objections they may have to jurisdiction, venue, and any and all other defenses or objections to the action.

31. WHEREFORE, Defendant removes this action from the Superior Court of California, County of Los Angeles, to the United States District Court for the Central District of California, Western Division.

Dated: September 26, 2022

Respectfully submitted,

FISHER & PHILLIPS LLP

By: /s/ Ariella Onyeama
Danielle Hultenius Moore
Ariella T. Onyeama
Chase P. Parongao
Attorneys for Defendant
GRAPHIC PACKAGING INTERNATIONAL, LLC

# CERTIFICATE OF SERVICE

I, the undersigned, am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; am employed with the law offices of Fisher & Phillips LLP and my business address is 444 South Flower Street, Suite 1500, Los Angeles, California 90071.

On September 26, 2022, I served the foregoing document entitled **DEFENDANT'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446** on all the appearing and/or interested parties in this action by placing ☐ *the original* ☒ *a true copy* thereof enclosed in sealed envelope(s) addressed as follows:

Gavril T. Gabriel, Esq.                                    Attorneys for Plaintiff
THE LAW OFFICES OF GAVRIL T. GABRIEL   EFREN GUTIERREZ
8255 Firestone Boulevard, Suite 209
Downey, California 90241
Telephone: (562) 758-8210
Facsimile:  (562) 758-8219
E-Mail:  GGabriel@GTGLaw.org

☒ **[by MAIL]** - I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing this affidavit.

☐ **[by ELECTRONIC SUBMISSION]** - I served the above listed document(s) described via the United States District Court's Electronic Filing Program on the designated recipients via electronic transmission through the CM/ECF system on the Court's website. The Court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document(s). Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities.

☐ **[by FAX]** - I caused the aforementioned document(s) to be telefaxed to the aforementioned facsimile number(s). *The facsimile machine I used complied with California Rules of Court, Rule 2003(3) and no error was reported by the machine. Pursuant to California Rules of Court, Rule 2005(i), I caused the machine to print a transmission record of the transmission, a copy of which is attached to this declaration and/or no error was reported by the machine.*

☐ **[by FEDERAL EXPRESS]** - I am readily familiar with the firm's practice for collection and processing of correspondence for overnight delivery by Federal Express. Under that practice such correspondence will be deposited at a facility or pick-up box regularly maintained by Federal Express for receipt on the same day in the ordinary course of business with delivery fees paid or provided for in accordance with ordinary business practices.

1  ☐  **[by PERSONAL SERVICE]** - I caused to be delivered by messenger such envelope(s) by hand to the office of the addressee(s). Such messenger is over the age of eighteen years and not a party to the within action and employed with Express Network, 1605 West Olympic Boulevard, Suite 800, Los Angeles, California 90015.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed September 26, 2022, at Los Angeles, California.

| Adriana Preciado | By: | /s/ Adriana Preciado |
|---|---|---|
| Print Name | | Signature |

2
CERTIFICATE OF SERVICE

FP 45207964.4