Gavril T. Gabriel, Esq. [SBN: 296433]
**THE LAW OFFICES OF GAVRIL T. GABRIEL**
8255 Firestone Blvd., Suite 209
Downey, California 90241

Phone: (562) 758-8210
Fax: (562) 758-8219
Email: GGabriel@GTGLaw.org

Attorney for PLAINTIFF,
EFREN GUTIERREZ

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

EFREN GUTIERREZ, an individual,

Plaintiff,

v.

GRAPHIC PACKAGING INTERNATIONAL, LLC, a Delaware Limited Liability Company; CARAUSTAR CUSTOM PACKAGING GROUP, INC., a Delaware corporation; GREIF, INC., a Delaware corporation and DOES 1 through 10, inclusive,

Defendants.

CASE NO. 2:22-cv-06945-MWF-MAA

**FIRST AMENDED COMPLAINT** FOR:
(1) FAILURE TO PROVIDE EMPLOYEE FILE;
(2) DISABILITY DISCRIMINATION;
(3) AGE DISCRIMINATION;
(4) RETALIATION (Gov. Code, § 12940(h));
(5) FAILURE TO PREVENT DISCRIMINATION AND RETALIATION;
(6) FAILURE TO PROVIDE REASONABLE ACCOMMODATION;
(7) FAILURE TO ENGAGE IN GOOD FAITH INTERACTIVE PROCESS;
(8) RETALIATION [Labor Code, §§ 98.6, 1102.5];
(9) UNFAIR AND UNLAWFUL BUSINESS PRACTICES (In Violation of Bus. & Prof. Code, §§ 17200 *et seq.*); and
(10) WRONGFUL TERMINATION [In Violation of Public Policy].

Unlimited,
Jury Trial Demanded

COMES NOW PLAINTIFF EFREN GUTIERREZ (hereafter referred to as "Mr. Gutierrez" or "Plaintiff"), and complains and alleges as follows:

**I.   SUMMARY**

This is an action by Plaintiff, whose employment with GRAPHIC PACKAGING INTERNATIONAL, LLC (hereafter "Graphic Packaging" or "Defendant") was wrongfully

-1-
**FIRST AMENDED COMPLAINT FOR DAMAGES**

1    terminated. Plaintiff brings this action against Defendant for economic, non-economic,

2    compensatory, and punitive damages, pursuant to *Civil Code* section 3294, pre-judgment interest

3    pursuant to *Code of Civil Procedure* section 3291, and costs and reasonable attorneys' fees pursuant

4    to *Government Code* section 12965(b) and *Code of Civil Procedure* section 1021.5.

5                                    **II.    PARTIES**

6        1.    *Plaintiff:* Plaintiff is, and at all times mentioned in this First Amended Complaint

7    was, a resident of the County of Los Angeles, California. Plaintiff was employed by Defendant in

8    the City of Commerce, County of Los Angeles, State of California.

9        2.    *Defendants:* Defendants GRAPHIC PACKAGING INTERNATIONAL, LLC and

10   DOES 1 through 10 (hereafter collectively referred to as "Graphic Packaging" or "Defendant") are,

11   and at all times relevant were, a Delaware Limited Liability Company organized and existing by

12   virtue of the laws of the State of Delaware, are qualified to do business and are doing business in

13   the State of California, with their relevant place of business in the City of Commerce, County of

14   Los Angeles, California.

15       3.    CARAUSTAR CUSTOM PACKAGING GROUP, INC., a Delaware corporation

16   ("Caraustar") are, and at all times relevant were, a Delaware corporation organized and existing by

17   virtue of the laws of the State of Delaware, are qualified to do business and are doing business in

18   the State of California, with their relevant place of business in the City of Commerce, County of

19   Los Angeles, California.

20       4.    GREIF, INC., a Delaware corporation ("Greif") are, and at all times relevant were,

21   a Delaware corporation organized and existing by virtue of the laws of the State of Delaware, are

22   qualified to do business and are doing business in the State of California, with their relevant place

23   of business in the City of Commerce, County of Los Angeles, California.

24       5.    *Doe Defendants:* Defendants Does 1 through 10, inclusive, are sued under fictitious

25   names pursuant to *Code of Civil Procedure* section 474. Plaintiff is informed and believes, and on

26   that basis alleges, that each of the Defendants sued under fictitious names are in some manner

27   responsible for the wrongs and damages alleged below, in so acting was functioning as the agent,

28   servant, partner, and employee of the co-Defendants, and in taking the actions mentioned below

THE LAW OFFICES OF GAVRIL T. GABRIEL
8255 FIRESTONE BLVD., SUITE 209
DOWNEY, CA 90241

-2-

**FIRST AMENDED COMPLAINT FOR DAMAGES**

1   was acting within the course and scope of his or her authority as such agent, servant, partner, and

2   employee, with the permission and consent of the co-Defendants. The named Defendants and Doe

3   Defendants are sometimes hereafter referred to, collectively and/or individually, as "Defendants."

4        6.      *Relationship of Defendants:* All Defendants were responsible for the events and

5   damages alleged herein, including on the following bases: (a) Defendants committed the acts

6   alleged; (b) at all relevant times, one or more of the Defendants was the agent or employee, and/or

7   acted under the control or supervision, of one or more of the remaining Defendants and, in

8   committing the acts alleged, acted within the course and scope of such agency and employment

9   and/or is or are otherwise liable for Plaintiff's damages; (c) at all relevant times, there existed a

10  unity of ownership and interest between or among two or more of the Defendants such that any

11  individuality and separateness between or among those Defendants has ceased, and Defendants are

12  the alter egos of one another. Defendants exercised domination and control over one another to

13  such an extent that any individuality or separateness of Defendants does not, and at all times herein

14  mentioned did not, exist. Adherence to the fiction of the separate existence of Defendants would

15  permit abuse of the corporate privilege and would sanction fraud and promote injustice. All actions

16  of all Defendants were taken by employees, supervisors, executives, officers, and directors during

17  employment with all Defendants, were taken on behalf of all Defendants, and were engaged in,

18  authorized, ratified, and approved of by all other Defendants.

19       7.      Defendants both directly and indirectly employed Plaintiff, as defined in the Fair

20  Employment and Housing Act ("FEHA") at *Government Code* section 12926(d).

21       8.      In addition, Defendants compelled, coerced, aided, and abetted the discrimination,

22  which is prohibited under California *Government Code* section 12940(i).

23       9.      Finally, at all relevant times mentioned herein, all Defendants acted as agents of all

24  other Defendants in committing the acts alleged herein.

25                          **III.   VENUE AND JURISDICTION**

26       10.     Venue is proper in the County of Los Angeles because Defendant employed

27  Plaintiff in the County of Los Angeles, and the acts complained of herein occurred in the County

28  of Los Angeles.

THE LAW OFFICES OF GAVRIL T. GABRIEL
8255 FIRESTONE BLVD., SUITE 209
DOWNEY, CA 90241

-3-
**FIRST AMENDED COMPLAINT FOR DAMAGES**

IV.    FACTS COMMON TO ALL CAUSES OF ACTION

11.    *Plaintiff's hiring:* On or around February 4, 1987, LA Paperbox hired Plaintiff Mr. Efren Gutierrez (hereafter "Mr. Gutierrez" or "Plaintiff") as a packer. In 1993 or 1994, Mr. Gutierrez was promoted to pressman. Plaintiff's daily job duties consisted of putting rolls of paper on the machine, operating the machinery, giving breaks to his helpers, and adjusting and readjusting the machine, among other things. Plaintiff's most recent rate of compensation was $24.00 hourly.

12.    *Plaintiff's protected status:*

a.    Plaintiff sustained a work-related injury during his employment and thereafter possessed a disability as defined by *Government Code* section 12926(m) in the form of shoulder impingement syndrome;

b.    Plaintiff was approximately 52 years of age at the time of his termination;

c.    Plaintiff requested reasonable accommodation during his employment;

d.    Plaintiff requested that Defendant initiate a worker's compensation claim on his behalf; and

e.    Plaintiff complained to Defendant regarding disparate treatment.

13.    In November of 2004, Plaintiff left the company and returned on or around July 1st, 2007, at which time he continued working as a pressman. In 2013, Plaintiff left again and returned in August of 2015. After multiple acquisitions, the company then-owned by Greif, Inc. was sold to Graphic Packaging International, LLC in April of 2020.

14.    Throughout his employment, Plaintiff's job performance was outstanding, and Plaintiff's skills were unmatched.

15.    In late 2018, Mr. Gutierrez was asked to step down and work as a pre-make ready specialist. The company insisted that Plaintiff accept the position even though it would be a substantial demotion for him. In that capacity, Plaintiff's daily job duties would include making pin drums, working on dyes, elaborating paper, and assisting the pressmen. Ultimately, Plaintiff felt compelled to accept the demotion.

16.    After three or four months in his new role, in the first week of April of 2019, Defendant decided to have Mr. Gutierrez work again as a pressman. At that point in time, Plaintiff

THE LAW OFFICES OF GAVRIL T. GABRIEL
8255 FIRESTONE BLVD., SUITE 209
DOWNEY, CA 90241

-4-
**FIRST AMENDED COMPLAINT FOR DAMAGES**

1  was experiencing severe pain in his right shoulder. Plaintiff explained to managers Rigo, Carlos

2  and Brian, as well as to HR, that he could not lift his right shoulder and that he would not be able

3  to perform all the job duties of a pressman without help. Plaintiff stated that he would either remain

4  in the same position of pre-make ready specialist or acquire an assistant for the heavy lifting portion

5  of the pressman position. Plaintiff thus requested accommodation for his shoulder.

6          17.      Upon hearing that Plaintiff was not 100% able to complete the job duties of a

7  pressman without accommodation, Defendant's managers and the HR representative told Plaintiff

8  that there was nothing they could do for him. They told Plaintiff "go home then" until he could

9  come back to work without work restrictions.

10         18.      Thereafter, Plaintiff went to the doctor who advised Plaintiff that the injury was

11  work-related. Plaintiff was diagnosed with shoulder impingement syndrome in his right shoulder.

12  Plaintiff returned to work and explained his health condition and the doctor's diagnosis to his

13  employer. Plaintiff asked Defendant to file a Worker's Compensation claim on his behalf.

14  Defendant refused.

15         19.      Plaintiff was then sent to Defendant's clinic in or around early May of 2019.

16  Plaintiff received work restrictions that did not allow him to lift more than 10-15 lbs. Defendant

17  still refused to accommodate Plaintiff, even though there were multiple positions open, including a

18  forklift position, where Plaintiff could temporarily be placed.

19         20.      Over the next few months, Mr. Gutierrez repeatedly asked Defendant to place him

20  in any position it determined he would be useful. Considering Plaintiff's decades of experience, he

21  was able to perform almost all duties at the job site and serve the company in multiple ways. Still,

22  Defendant did not accept him back. In or around July or August of 2019, HR told Plaintiff to stop

23  going to the job site to ask for light duty work.

24         21.      In or around the fall of 2019, another employee named Vincent Guzman received

25  accommodations for his disability. Mr. Guzman was in his 20s or 30s. At that time, Plaintiff was

26  52 years old.

27         22.      Upon learning that his co-worker was accommodated while he was repeatedly told

28  that there was no work for him, Plaintiff returned to work and complained to his managers about

THE LAW OFFICES OF GAVRIL T. GABRIEL
8255 FIRESTONE BLVD., SUITE 209
DOWNEY, CA 90241

-5-

**FIRST AMENDED COMPLAINT FOR DAMAGES**

1   this injustice. Carlos replied to Plaintiff that "Brian did it," meaning that Brian, who was the plant

2   manager, was the one that decided to accommodate Mr. Guzman and not Plaintiff.

3       23.     Plaintiff reiterated that he was willing to do any type of work that was within his

4   work restrictions, even if the job was to sweep the floors, which is what Defendant allowed Mr.

5   Guzman to do. Carlos replied that they had "nothing" for Plaintiff, and that since they had Victor,

6   they did not need Plaintiff. Victor, who was in his 30s and had minimal work experience, ultimately

7   replaced Plaintiff.

8       24.     In or around September of 2019, Plaintiff complained directly to Brian about the

9   fact that Defendant was refusing to accommodate him. Brian replied "we didn't think you were

10  going to come back." In other words, Defendant had already decided to terminate Plaintiff because

11  of his disability, his need for accommodation, his good-faith complaints and his worker's

12  compensation claim.

13      25.     In or around October or November of 2019, Plaintiff went back to work to get his

14  personal belongings and noticed that his locker was broken in by another employee upon his

15  supervisors' orders and all of its contents were gone. Plaintiff suspected that Defendant had no

16  intention of accepting him back.

17      26.     From April of 2019 until his termination on October 2, 2020, Plaintiff was told not

18  to show up to work.

19      27.     After going through several therapy sessions throughout summer until December

20  of 2019, Plaintiff's shoulder and elbow specialist said that Plaintiff needed surgery. Plaintiff

21  underwent surgery in July of 2020. Plaintiff then received physical therapy until November of 2020.

22      28.     From the time that the company was sold to Graphic Packaging International, the

23  new management did not treat Plaintiff as an employee. GREIF Packaging omitted properly

24  informing the buying company about Plaintiff's employment. Plaintiff was not informed that

25  GREIF Packaging had sold the company or that it had posted a list of employees who wanted to

26  work for the new company. Thus, Plaintiff was deprived of any opportunity to apply for a position

27  with Graphic Packaging International on equal terms with the other employees.

28

THE LAW OFFICES OF GAVRIL T. GABRIEL
8255 FIRESTONE BLVD., SUITE 209
DOWNEY, CA 90241

-6-
**FIRST AMENDED COMPLAINT FOR DAMAGES**

29.     On or around September 30, 2020, Plaintiff was fully capable of returning to work. Plaintiff went to the job site intending to resume his job duties. However, HR told him that all positions within the company were filled. Plaintiff was offered severance pay, compensation for approximately five weeks of work and other relevant paperwork. Plaintiff did not agree to any of the above. Plaintiff was then given a termination notice dated October 2, 2020.

30.     Plaintiff was discriminated against because of his age and disability, and retaliated against for bringing a worker's compensation claim, making good-faith complaints and needing accommodations.

31.     Plaintiff has suffered both economic and non-economic damages on a continuous and ongoing basis, including, costs, attorney's fees and interest as a result of Defendant's wrongful conduct.

32.     This is an action brought by Plaintiff, against Defendant, alleging, *inter alia*, (1) Failure to Provide Employee File; (2) Disability Discrimination; (3) Age Discrimination; (4) Retaliation (Gov. Code, § 12940(h)); (5) Failure to Prevent Discrimination and Retaliation; (6) Failure to Provide Reasonable Accommodation; (7) Failure to Engage in Good Faith Interactive Process; (8) Retaliation [Labor Code, §§ 98.6, 1102.5]; (9) Unfair and Unlawful Business Practices; and (10) Wrongful Termination [In Violation of Public Policy].

33.     *Economic damages:* As a consequence of Defendant's conduct, Plaintiff has suffered and will suffer harm, including lost wages, lost future income and employment benefits, damage to his career, lost overtime, unpaid expenses, and penalties, as well as interest on unpaid wages at the legal rate from and after each payday on which those wages should have been paid, in a sum to be proven at trial.

34.     *Non-economic damages:* As a consequence of Defendant's conduct, Plaintiff has suffered and will suffer psychological and emotional distress, humiliation, mental pain and physical pain and anguish, in a sum to be proven at trial.

35.     *Punitive damages:* Defendant's conduct constitutes oppression, fraud, and/or malice under California *Civil Code* section 3294 and, thus, entitles Plaintiff to an award of exemplary and/or punitive damages.

**FIRST AMENDED COMPLAINT FOR DAMAGES**

THE LAW OFFICES OF GAVRIL T. GABRIEL
8255 FIRESTONE BLVD., SUITE 209
DOWNEY, CA 90241

a.       *Malice:* Defendant's conduct was committed with malice within the meaning of California *Civil Code* section 3294, including that (a) Defendant acted with intent to cause injury to Plaintiff and/or acted with reckless disregard for Plaintiff's injury, including by terminating Plaintiff's employment and/or taking other adverse job actions against Plaintiff because of his age, his disability, his requests for reasonable accommodation, and his good-faith complaints, and/or (b) Defendant's conduct was despicable and committed in willful and conscious disregard of Plaintiff's rights, health, and safety, including Plaintiff's right to be free of discrimination, retaliation and wrongful employment termination.

b.       *Oppression:* In addition, and/or alternatively, Defendant's conduct was committed with oppression within the meaning of *Civil Code* section 3294, including that Defendant's actions against Plaintiff because of his age, his disability, his requests for reasonable accommodation and his good-faith complaints were "despicable" and subjected Plaintiff to cruel and unjust hardship in knowing disregard of Plaintiff's rights to a work place free of discrimination, retaliation and wrongful employment termination.

c.       *Fraud:* In addition, and/or alternatively, Defendant's conduct, as alleged, was fraudulent within the meaning of California *Civil Code* section 3294, including that Defendant asserted false (pretextual) grounds for terminating Plaintiff's employment and/or other adverse job actions, thereby to cause Plaintiff hardship and deprive him of legal rights.

36.       *Exhaustion of administrative remedies:* Prior to filing this action, Plaintiff exhausted his administrative remedies by filing a timely administrative complaint with the Department of Fair Employment and Housing ("DFEH") and receiving a DFEH Right to Sue letter ("**Exhibit A**").

37.       *Attorneys' fees:* Plaintiff has incurred and continues to incur legal expenses and attorneys' fees.

## V.       FIRST CAUSE OF ACTION
(Failure to Provide Employee File (Labor Code, § 1198.5))
<u>(Against All Defendants)</u>

38.       Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs 1 through 35 of this First Amended Complaint as though fully set forth herein.

-8-
**FIRST AMENDED COMPLAINT FOR DAMAGES**

The Law Offices of Gavril T. Gabriel
8255 Firestone Blvd., Suite 209
Downey, CA 90241

1    39.    Pursuant to *Labor Code* section 1198.5, upon a written request from a current or
2    former employee, or his or her representative, the employer shall provide a copy of the personnel
3    records relating to an employee's performance, or to any grievance concerning the employee, not
4    later than thirty (30) calendar days from the date the employer receives the request, unless the
5    current or former employee, or his or her representative, and the employer agree in writing to a date
6    beyond thirty (30) calendar days to produce a copy of the records, as long as the agreed-upon date
7    does not exceed thirty five (35) calendar days from the employer's receipt of the written request.

8    40.    On January 4, 2021 Plaintiff requested a copy of his employee file and payroll
9    records from Defendant. Defendant failed to comply with Plaintiff's request and never provided
10   Plaintiff with his employee file and payroll records.

11   41.    Defendant's failure to produce Plaintiff's employee file was done intentionally, so
12   as to cause injury to Plaintiff. Plaintiff is informed and believes, and thereupon alleges, that
13   Defendant has not allowed Plaintiff to inspect his personnel records in accordance with *Labor Code*
14   section 1198.5 in order to hide their *Labor Code* violations in the payment of wages, and therefore
15   are subject to a civil penalty of seven hundred and fifty dollars ($750) pursuant to *Labor Code*
16   section 1198.5(k).

17   WHEREFORE, Plaintiff demands judgment as hereafter set forth.

18
19
20

**VI.    SECOND CAUSE OF ACTION**
(Disability Discrimination (Gov. Code, § 12940(a)))
(Against All Defendants)

21   42.    Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs 1
22   through 41 of this First Amended Complaint as though fully set forth herein.

23   43.    At all times mentioned herein, Defendant employed five or more persons, and
24   *Government Code* sections 12900 *et seq.*, were in full force and effect and binding on Defendant.
25   These sections require Defendant to refrain from discriminating against any employee as a result
26   of an actual and/or perceived disability, pursuant to section 12940(a). Further, these sections require
27   Defendant to refrain from discriminating against any employee for complaining about
28   discrimination pursuant to sections 12940(h) and 12940(j)(1).

THE LAW OFFICES OF GAVRIL T. GABRIEL
8255 FIRESTONE BLVD., SUITE 209
DOWNEY, CA 90241

-9-

**FIRST AMENDED COMPLAINT FOR DAMAGES**

44.     Plaintiff is a member of more than one protected class within the meaning of *Government Code* sections 12900 *et seq*.

45.     At all times relevant, Plaintiff was an employee of Defendant.

46.     During Plaintiff's employment, Plaintiff possessed a disability which limited his major life activity in the form of a shoulder injury, as defined by *Government Code* section 12926(m).

47.     In or around April of 2019, after Defendant wanted to move Plaintiff back to the position of pressman, Plaintiff informed Defendant that he could not lift his right shoulder. Plaintiff requested accommodation for his disability in the form of either remaining in the same position of pre-make ready specialist, or acquiring an assistant for the heavy lifting portions of the pressman position.

48.     Following Plaintiff's requests for reasonable accommodation, Defendant's managers and an HR Representative told Plaintiff that there was nothing they could do for him. Further, they told Plaintiff to "go home then" until he could come back to work without work restrictions.

49.     In or around April or May of 2019, Plaintiff went to the doctor and was diagnosed with Shoulder Impingement syndrome. Plaintiff was further told that his injury was work-related. Plaintiff asked Defendant to file a worker's compensation claim on his behalf; yet Defendant refused.

50.     Plaintiff was sent to Defendant's clinic in or around May of 2019 and received work restrictions which included no lifting more than 10-15 lbs. When Plaintiff provided his work restrictions to Defendant, Defendant refused to accommodate Plaintiff's work restrictions.

51.     Further, Plaintiff regularly followed up with Defendant regarding his ability to return to work with work restrictions or to be temporarily placed in a position which complied with his work restrictions. Thereafter, in or around July or August of 2019, HR told Plaintiff to stop going to the job site to ask for light duty work.

52.     On or around September 30, 2020 Plaintiff was fully capable of returning to work and went to the job site intending to resume his duties. However upon returning, Plaintiff was told

-10-

**FIRST AMENDED COMPLAINT FOR DAMAGES**

THE LAW OFFICES OF GAVRIL T. GABRIEL
8255 FIRESTONE BLVD., SUITE 209
DOWNEY, CA 90241

1   that all positions within the company were filled. Plaintiff was thereafter given a termination notice

2   dated October 2, 2020.

3        53.    At all times material hereto, Plaintiff performed his duties and responsibilities as

4   required by Defendant competently and above expectation.

5        54.    Defendant treated Plaintiff less favorably than other employees. Plaintiff believes

6   and based thereon alleges that his disability and reasonable accommodation requests were a factor

7   in Defendant's discrimination of Plaintiff.

8        55.    Plaintiff believes and based thereon alleges that his disability, as well as his

9   requests for reasonable accommodation were contributing factors in Defendant's decision to

10   terminate Plaintiff.

11        56.    Such discrimination is in violation of *Government Code* sections 12940 *et seq.*, and

12   has resulted in damage and injury to Plaintiff, as alleged herein.

13        57.    Within the time provided by law, Plaintiff filed a complaint with the California

14   Department of Fair Employment and Housing, in full compliance with FEHA section 2699.3 and

15   received and served upon Defendant a Right to Sue letter.

16        58.    As a proximate cause of Defendant's willful, knowing, and intentional

17   discrimination against Plaintiff, Plaintiff has sustained, and continues to sustain, substantial losses

18   in earnings and other employee benefits.

19        59.    As a direct and proximate cause of Defendant's unlawful conduct, Plaintiff has

20   suffered and continues to suffer humiliation, emotional distress, physical pain and mental pain and

21   anguish, all to his damage in a sum according to proof.

22        60.    Defendant was aware of its obligation not to discriminate against Plaintiff based

23   upon his disability pursuant to *Government Code* section 12940(a). However, Defendant failed to

24   do so. Thus, Defendant intentionally disregarded the *Government Code* and discriminated against

25   Plaintiff, so as to cause injury to Plaintiff. Further, Defendant's conduct was despicable in that it

26   was carried on by Defendant with a willful and conscious disregard of the rights or safety of others,

27   thereby constituting malice as defined by *Civil Code* section 3294.

28        61.    Defendant's discrimination against Plaintiff based on his disability was despicable,

THE LAW OFFICES OF GAVRIL T. GABRIEL
8255 FIRESTONE BLVD., SUITE 209
DOWNEY, CA 90241

-11-

**FIRST AMENDED COMPLAINT FOR DAMAGES**

1  and subjected Plaintiff to cruel and unjust hardship by subjecting Plaintiff to unwanted disparate

2  treatment and humiliation, as herein alleged, in conscious disregard of Plaintiff's rights, thereby

3  constituting oppression as defined by *Civil Code* section 3294.

4        62.    Defendant has acted in a malicious and oppressive manner by subjecting Plaintiff

5  to unwanted discrimination and disparate treatment, entitling Plaintiff to punitive damages.

6        63.    Plaintiff has incurred and continues to incur legal expenses and attorney's fees.

7  Pursuant to *Government Code* section 12965(b), Plaintiff is entitled to recover reasonable

8  attorney's fees and costs (including expert costs) in an amount according to proof.

9        64.    The damages caused by Defendant are well in excess of the minimum subject

10  matter jurisdictional amount of this Court and will be demonstrated according to proof.

11        WHEREFORE, Plaintiff demands judgment as hereafter set forth.

12

13                    **VII.    THIRD CAUSE OF ACTION**
                  (Age Discrimination (Gov. Code, § 12940(a)))
14                       (Against All Defendants)

15        65.    Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs 1

16  through 64 of this First Amended Complaint as though fully set forth herein.

17        66.    At all times mentioned herein, Defendant employed five or more persons, and

18  *Government Code* sections 12900 *et seq*., were in full force and effect and binding on Defendant.

19  These sections require Defendant to refrain from discriminating against any employee as a result

20  of their age pursuant to section 12940(a). Further, these sections require Defendant to refrain from

21  discriminating against any employee for complaining about discrimination pursuant to sections

22  12940(h) and 12940(j)(1).

23        67.    Plaintiff is a member of more than one protected class within the meaning of

24  *Government Code* sections 12900 *et seq*.

25        68.    At all times relevant, Plaintiff was an employee of Defendant.

26        69.    Plaintiff was approximately 52 years of age at the time of his termination.

27        70.    During Plaintiff's employment with Defendant, Plaintiff experienced

28  discrimination from Defendant in the form of disparate treatment on account of Plaintiff's age, as

THE LAW OFFICES OF GAVRIL T. GABRIEL
8255 FIRESTONE  BLVD., SUITE 209
DOWNEY, CA 90241

-12-

**FIRST AMENDED COMPLAINT FOR DAMAGES**

1   herein alleged.

2       71.     During the period of April 2019 through July 2019, Plaintiff regularly requested

3   reasonable accommodation for his disability/shoulder injury. Plaintiff did so until July or August

4   of 2019 when Defendant's HR Department instructed Plaintiff to stop coming into work.

5       72.     Further, in the fall of 2019, Defendant did provide reasonable accommodation for

6   the disability of Vincent Guzman, an employee in his 20s or 30s. When Plaintiff became aware, he

7   returned to work and complained about the fact that he was not being accommodated while his

8   coworker Vincent was, stating this was unfair.

9       73.     Plaintiff reiterated that he was willing to do any type of work that was within his

10  work restrictions, even if the job was to sweep the floors. Carlos replied that they had "nothing" for

11  him and that since they had Victor, they did not need Plaintiff. Victor, who was in his 30s and had

12  minimal work experience, ultimately replaced Plaintiff.

13      74.     On or around September 30, 2020 Plaintiff was fully capable of returning to work

14  and went to the job site intending to resume his duties. However upon returning Plaintiff was told

15  that all positions within the company were filled. Plaintiff was then given a termination notice dated

16  October 2, 2020.

17      75.     At all times material hereto, Plaintiff performed his duties and responsibilities as

18  required by Defendant competently and above expectation.

19      76.     Defendant treated Plaintiff less favorably than other employees. Plaintiff believes

20  and based thereon alleges that his age was a factor in Defendant's discrimination of Plaintiff.

21      77.     Such discrimination is in violation of *Government Code* sections 12940 *et seq.*, and

22  has resulted in damage and injury to Plaintiff, as alleged herein.

23      78.     Within the time provided by law, Plaintiff filed a complaint with the California

24  Department of Fair Employment and Housing, in full compliance with FEHA section 2699.3 and

25  received and served upon Defendant a Right to Sue letter.

26      79.     As a proximate cause of Defendant's willful, knowing, and intentional

27  discrimination against Plaintiff, Plaintiff has sustained, and continues to sustain, substantial losses

28  in earnings and other employee benefits.

THE LAW OFFICES OF GAVRIL T. GABRIEL
8255 FIRESTONE BLVD., SUITE 209
DOWNEY, CA 90241

-13-

80.     As a direct and proximate cause of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, physical pain and mental pain and anguish, all to his damage in a sum according to proof.

81.     Defendant was aware of its obligation not to discriminate against Plaintiff based upon his age pursuant to *Government Code* section 12940(a). However, Defendant failed to do so. Thus, Defendant intentionally disregarded the *Government Code* and discriminated against Plaintiff, so as to cause injury to Plaintiff. Further, Defendant's conduct was despicable in that it was carried on by Defendant with a willful and conscious disregard of the rights or safety of others, thereby constituting malice as defined by *Civil Code* section 3294.

82.     Defendant's discrimination against Plaintiff based upon his age was despicable, and subjected Plaintiff to cruel and unjust hardship by subjecting Plaintiff to unwanted disparate treatment and humiliation, as herein alleged, in conscious disregard of Plaintiff's rights, thereby constituting oppression as defined by *Civil Code* section 3294.

83.     Defendant has acted in a malicious and oppressive manner by subjecting Plaintiff to unwanted discrimination and disparate treatment, entitling Plaintiff to punitive damages.

84.     Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to *Government Code* section 12965(b), Plaintiff is entitled to recover reasonable attorneys' fees and costs (including expert costs) in an amount according to proof.

85.     The damages caused by Defendant are well in excess of the minimum subject matter jurisdictional amount of this Court and will be demonstrated according to proof.

WHEREFORE, Plaintiff demands judgment as hereafter set forth.

### VIII.    FOURTH CAUSE OF ACTION
(Retaliation (Gov. Code, § 12940(h)))
<u>(Against All Defendants)</u>

86.     Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs 1 through 85 of this First Amended Complaint as though fully set forth herein.

87.     At all times mentioned herein, Defendant employed five or more persons, and *Government Code* sections 12900 *et seq.* were in full force and effect and binding on Defendant.

THE LAW OFFICES OF GAVRIL T. GABRIEL
8255 FIRESTONE BLVD., SUITE 209
DOWNEY, CA 90241

-14-

These sections require Defendant to refrain from retaliating against any employee due to an employee's age, disability, requests for reasonable accommodation, and good-faith complaints pursuant to section 12940(a).

88.     Plaintiff is a member of more than one protected class within the meaning of *Government Code* sections 12900 *et seq.*

89.     At all relevant times, Plaintiff was an employee of Defendant.

90.     During Plaintiff's employment, Plaintiff possessed a disability, requested reasonable accommodation and made good-faith complaints, as herein alleged. Further, at the time of his termination, Plaintiff was approximately 52 years of age.

91.     During his employment Plaintiff was unlawfully discriminated against by Defendant in retaliation for his age, his possession of a disability, his accommodation requests and his good-faith complaints, in direct violation of FEHA.

92.     During his employment, Plaintiff provided Defendant work restrictions for his disability and repeatedly requested reasonable accommodation as herein alleged.

93.     Following his reasonable accommodation requests, Defendant's agents told Plaintiff that there was nothing they could do for him and to "go home then" until he could come back to work without work restrictions.

94.     In or around April or May of 2019, Plaintiff requested to initiate a worker's compensation matter. Defendant refused.

95.     Plaintiff continued to follow up regarding his ability to work with work restrictions or to temporarily work in an alternative position which complied with his work restrictions. In or around July or August of 2019, HR told Plaintiff to stop going to the job sit to ask for light duty work.

96.     In the fall of 2019 Plaintiff complained to Defendant's agent Carlos because Defendant accommodated the work restrictions of Plaintiff's coworker Mr. Guzman, who was in his 20s or 30s, but refused to accommodate Plaintiff. Plaintiff stated that such treatment was unfair.

97.     In or around September of 2019 Plaintiff also complained to Defendant's agent Brian, the Plant manager, about Defendant's refusal to accommodate Plaintiff.

THE LAW OFFICES OF GAVRIL T. GABRIEL
8255 FIRESTONE BLVD., SUITE 209
DOWNEY, CA 90241

-15-

**FIRST AMENDED COMPLAINT FOR DAMAGES**

98.     On or around September 30, 2020, Plaintiff was fully capable of returning to work. Plaintiff went to the job site intending to resume his job duties, only to be told that Defendant had no positions available. Thereafter Plaintiff was given a termination notice dated October 2, 2020.

99.     Plaintiff's age, disability, requests for reasonable accommodation and his good-faith complaints were contributing factors in Defendant's retaliation against Plaintiff.

100.     Defendant's retaliation against Plaintiff was a substantial factor in causing Plaintiff's harm.

101.     As a proximate result of Defendant's willful, knowing, and intentional retaliation against Plaintiff, Plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits.

102.     As a proximate result of Defendant's willful, knowing, and intentional retaliation against Plaintiff, Plaintiff has suffered and continues to suffer humiliation, emotional distress, physical pain and mental pain and anguish, all to his damage in a sum according to proof.

103.     Defendant was aware of its obligation not to retaliate against Plaintiff based upon his age, disability, reasonable accommodation requests and his good-faith complaints, pursuant to FEHA and *Government Code* sections 12940 *et seq*. However, Defendant failed to do so. Thus, Defendant intentionally disregarded FEHA and the *Government Code* and retaliated against Plaintiff, so as to cause injury to Plaintiff. Further, Defendant's conduct was despicable in that it was carried on by Defendant with a willful and conscious disregard of the rights or safety of others, thereby constituting malice as defined by *Civil Code* section 3294.

104.     Defendant's retaliation against Plaintiff based upon his age, disability, reasonable accommodation requests and good-faith complaints was despicable, and subjected Plaintiff to cruel and unjust hardship by subjecting Plaintiff to disparate treatment and wrongful employment termination, as herein alleged, in conscious disregard of Plaintiff's rights, thereby constituting oppression as defined by *Civil Code* section 3294.

105.     Defendant has acted in a malicious and oppressive manner by retaliating against Plaintiff, entitling Plaintiff to punitive damages.

**FIRST AMENDED COMPLAINT FOR DAMAGES**

1    106.    Plaintiff has incurred and continues to incur legal expenses and attorneys' fees.

2  Pursuant to *Government Code* section 12965(b), Plaintiff is entitled to recover reasonable

3  attorneys' fees and costs (including expert costs) in an amount according to proof.

4    107.    The damages caused by Defendant are well in excess of the minimum subject

5  matter jurisdictional amount of this Court, and will be demonstrated according to proof.

6    WHEREFORE, Plaintiff demands judgment as hereafter set forth.

7

8                          **IX.    FIFTH CAUSE OF ACTION**
           (Failure to Prevent Discrimination and Retaliation (Gov. Code, § 12940(k)))
9                               (Against All Defendants)

10    108.    Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs 1

11  through 107 of this First Amended Complaint as though fully set forth herein.

12    109.    At all times mentioned herein, Defendant employed five or more persons, and

13  *Government Code* sections 12900 *et seq.*, were in full force and effect and binding on Defendant.

14  These sections require Defendant to take all reasonable steps necessary to prevent discrimination

15  and retaliation from occurring pursuant to *Government Code* section 12940(k). Prior to filing this

16  First Amended Complaint, Plaintiff filed a timely administrative charge with the DFEH and

17  received a Right to Sue letter.

18    110.    At all times relevant, Plaintiff was an employee of Defendant.

19    111.    Throughout Plaintiff's employment with Defendant, Defendant failed to prevent its

20  employees from engaging in intentional actions that resulted in Plaintiff's being treated less

21  favorably because of Plaintiff's protected status (*i.e.,* his age, disability, reasonable

22  accommodation requests, worker's compensation matter and good-faith complaints). During the

23  course of Plaintiff's employment, Defendant failed to prevent their employees from engaging in

24  unjustified employment practices against employees in such protected classes. Plaintiff has been

25  subjected to discrimination and retaliation, as herein described, at the hands of Defendant and

26  Defendant's agents.

27    112.    Defendant failed to take all reasonable steps to prevent the discrimination and

28  retaliation faced by Plaintiff. As a result, Plaintiff was harmed.

THE LAW OFFICES OF GAVRIL T. GABRIEL
8255 FIRESTONE BLVD., SUITE 209
DOWNEY, CA 90241

-17-
**FIRST AMENDED COMPLAINT FOR DAMAGES**

113.     Defendant's failure to take all reasonable steps to prevent the discrimination and retaliation was a substantial factor in causing Plaintiff's harm.

114.     Plaintiff believes, and on that basis alleges, that his age, his disability and reasonable accommodation requests, his worker's compensation matter and his good-faith complaints, and/or other protected status and/or other protected activity were substantial motivating factors in Defendant's discrimination and retaliation of Plaintiff.

115.     As a proximate cause of Defendant's willful, knowing, and intentional failure to prevent discrimination and retaliation against Plaintiff, Plaintiff has sustained, and continues to sustain, substantial losses in earnings and other employee benefits.

116.     As a direct and proximate cause of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, physical pain and mental pain and anguish, all to his damage in a sum according to proof.

117.     Defendant was aware of its obligation to prevent discrimination and retaliation, pursuant to *Government Code* section 12940(k). However, Defendant failed to do so. Thus, Defendant intentionally disregarded the *Government Code* and allowed discrimination and retaliation against Plaintiff, so as to cause injury to Plaintiff. Further, Defendant's conduct was despicable in that it was carried on by Defendant with a willful and conscious disregard of the rights or safety of others, thereby constituting malice as defined by *Civil Code* section 3294.

118.     Defendant's failure to prevent discrimination and retaliation against Plaintiff was despicable, and subjected Plaintiff to cruel and unjust hardship by subjecting Plaintiff to said discriminatory and retaliatory conduct, as herein alleged, in conscious disregard of Plaintiff's rights, thereby constituting oppression as defined by *Civil Code* section 3294.

119.     Defendant has acted in a malicious and oppressive manner by failing to prevent discrimination and retaliation against Plaintiff, entitling Plaintiff to punitive damages.

120.     Plaintiff has incurred and continues to incur legal expenses and attorney's fees. Pursuant to *Government Code* section 12965(b), Plaintiff is entitled to recover reasonable attorney's fees and costs (including expert costs) in an amount according to proof.

121.     The damages caused by Defendant are well in excess of the minimum subject

-18-
**FIRST AMENDED COMPLAINT FOR DAMAGES**

1  matter jurisdictional amount of this Court and will be demonstrated according to proof.

2       WHEREFORE, Plaintiff demands judgment as hereafter set forth.

3

4                    **X.       SIXTH CAUSE OF ACTION**
       (Failure to Provide Reasonable Accommodation (Gov. Code, § 12940(m)))
5                              (Against All Defendants)

6       122.    Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs 1

7  through 121 of this First Amended Complaint as though fully set forth herein.

8       123.    At all times mentioned herein, Defendant employed five or more persons, and

9  *Government Code* sections 12900 *et seq.*, were in full force and effect and binding on Defendant.

10 These sections provide that it is an unlawful employment practice for Defendant to fail to provide

11 a reasonable accommodation for the actual and/or perceived disability of an employee pursuant to

12 section 12940(m)(1).

13      124.    At all times relevant, Plaintiff was an employee of Defendant.

14      125.    At all times relevant, Plaintiff possessed a disability which limited his major life

15 activity as defined by *Government Code* section 12926(m) in the form of shoulder impingement

16 syndrome. Defendant further perceived Plaintiff as possessing a disability as Plaintiff informed

17 Defendant of his disability/injury and requested reasonable accommodation. As such, Plaintiff is a

18 member of a protected class within the meaning of *Government Code* sections 12900 *et seq*. At all

19 times material hereto, Plaintiff satisfactorily performed his duties and responsibilities as required

20 by Defendant.

21      126.    Plaintiff was able to perform the essential duties of his position with reasonable

22 accommodation for his disability.

23      127.    In or around April of 2019, Plaintiff informed Defendant of his injury/disability

24 and requested reasonable accommodation for the position of pressman, to which Defendant wanted

25 to move Plaintiff. Plaintiff requested accommodation in the form of an assistant to help with the

26 heavy lifting portion of the position, or being allowed to remain in his then-current position of pre-

27 make ready specialist. Defendant refused to provide Plaintiff accommodation, stating there was

28 nothing they could do for him, and sent him home, telling him to "go home then" until he could

THE LAW OFFICES OF GAVRIL T. GABRIEL
8255 FIRESTONE BLVD., SUITE 209
DOWNEY, CA 90241

-19-
**FIRST AMENDED COMPLAINT FOR DAMAGES**

1  return to work without restrictions.

2  128.   In or around May of 2019, Plaintiff provided Defendant his work restrictions and

3  requested to initiate a worker's compensation matter. Defendant refused to accommodate Plaintiff's

4  work restrictions or to initiate a worker's compensation matter.

5  129.   Plaintiff repeatedly followed up with Defendant thereafter regarding Defendant's

6  ability to accommodate his work restrictions and Plaintiff's ability to return to work. Yet Defendant

7  refused to allow Plaintiff to return to work and in July or August of 2019, Defendant told Plaintiff

8  to stop going to the job site asking for light duty work.

9  130.   Further, on or around October 2, 2020, Defendant terminated Plaintiff's

10  employment.

11  131.   Defendant refused to provide Plaintiff reasonable accommodation upon Plaintiff's

12  request, and instead terminated Plaintiff because of his actual/perceived disability and requests for

13  reasonable accommodation, in direct contravention of the FEHA, and specifically in violation of

14  California *Government Code* section 12940.

15  132.   Defendant failed to provide reasonable accommodation for Plaintiff's disability.

16  Defendant's failure to provide reasonable accommodation was a substantial factor in causing

17  Plaintiff's harm.

18  133.   As a proximate cause of Defendant's willful, knowing, and intentional failure to

19  provide reasonable accommodation, Plaintiff has sustained, and continues to sustain, substantial

20  losses in earnings and other employee benefits.

21  134.   As a direct and proximate cause of Defendant's unlawful conduct, Plaintiff has

22  suffered and continues to suffer humiliation, emotional distress, physical pain and mental pain and

23  anguish, all to his damage in a sum according to proof.

24  135.   Defendant was aware of its obligation to provide reasonable accommodation,

25  pursuant to *Government Code* section 12940(m). However, Defendant failed to do so. Thus,

26  Defendant intentionally disregarded the *Government Code* and failed to provide Plaintiff

27  reasonable accommodation, so as to cause injury to Plaintiff. Further, Defendant's conduct was

28  despicable in that it was carried on by Defendant with a willful and conscious disregard of the rights

THE LAW OFFICES OF GAVRIL T. GABRIEL
8255 FIRESTONE BLVD., SUITE 209
DOWNEY, CA 90241

-20-

**FIRST AMENDED COMPLAINT FOR DAMAGES**

1    or safety of others, thereby constituting malice as defined by *Civil Code* section 3294.

2         136.    Defendant's failure to provide Plaintiff reasonable accommodation was despicable,

3    and subjected Plaintiff to cruel and unjust hardship by ignoring Plaintiff's reasonable

4    accommodation requests and terminating his employment, in conscious disregard of Plaintiff's

5    rights, thereby constituting oppression as defined by *Civil Code* section 3294.

6         137.    Defendant has acted in a malicious and oppressive manner due to their failure to

7    provide Plaintiff reasonable accommodation, entitling Plaintiff to punitive damages.

8         138.    Plaintiff has incurred and continues to incur legal expenses and attorney's fees.

9    Pursuant to *Government Code* section 12965(b), Plaintiff is entitled to recover reasonable

10   attorney's fees and costs (including expert costs) in an amount according to proof.

11        139.    The damages caused by Defendant are well in excess of the minimum subject

12   matter jurisdictional amount of this Court and will be demonstrated according to proof.

13        WHEREFORE, Plaintiff demands judgment as hereafter set forth.

14

15                      **XI.    SEVENTH CAUSE OF ACTION**
                (Failure to Engage in Good Faith Interactive Process (Gov. Code, § 12940(n)))
16                              (Against All Defendants)

17        140.    Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs 1

18   through 139 of this First Amended Complaint as though fully set forth herein.

19        141.    At all times mentioned herein, Defendant employed five or more persons, and

20   *Government Code* sections 12900 *et seq.*, were in full force and effect and binding on Defendant.

21   These sections provide that it is an unlawful employment practice for Defendant to fail to engage

22   in a timely, good faith interactive process with an employee to determine effective reasonable

23   accommodations in response to a request by an employee with an actual and/or perceived disability

24   pursuant to section 12940(n).

25        142.    At all times relevant, Plaintiff was an employee of Defendant.

26        143.    Plaintiff possessed a disability which limited his major life activity as defined by

27   *Government Code* section 12926(m) in the form of shoulder impingement syndrome. Plaintiff

28   informed Defendant of his injury/disability, repeatedly requested reasonable accommodation and

THE LAW OFFICES OF GAVRIL T. GABRIEL
8255 FIRESTONE BLVD., SUITE 209
DOWNEY, CA 90241

-21-

**FIRST AMENDED COMPLAINT FOR DAMAGES**

1   requested that Defendant file a worker's compensation claim on his behalf.

2   144.   As such, Plaintiff is a member of a protected class within the meaning of

3   *Government Code* sections 12900 *et seq*. At all times material hereto, Plaintiff satisfactorily

4   performed his duties and responsibilities as required by Defendant.

5   145.   Plaintiff was willing to participate in an interactive process to determine whether

6   reasonable accommodation could be made so that he would be able to perform his essential job

7   requirements.

8   146.   However, Defendant failed to engage in a timely good faith interactive process with

9   Plaintiff in response to his requests for reasonable accommodation. Rather, Defendant refused to

10   accommodate Plaintiff's disability, and terminated Plaintiff on or around October 2, 2020.

11   147.   As a result of Defendant's failure to engage in a good faith interactive process,

12   Plaintiff was harmed.

13   148.   As a proximate cause of Defendant's willful, knowing, and intentional failure to

14   engage in a good faith interactive process, Plaintiff has sustained, and continues to sustain,

15   substantial losses in earnings and other employee benefits.

16   149.   As a direct and proximate cause of Defendant's unlawful conduct, Plaintiff has

17   suffered and continues to suffer humiliation, emotional distress, physical pain and mental pain and

18   anguish, all to his damage in a sum according to proof.

19   150.   Defendant was aware of its obligation to engage in good faith interactive process

20   so as to determine reasonable accommodation for Plaintiff, pursuant to *Government Code* section

21   12940(n). However, Defendant failed to do so. Thus, Defendant intentionally disregarded the

22   *Government Code* and failed to engage in good faith interactive process so as to determine

23   reasonable accommodation for Plaintiff, so as to cause injury to Plaintiff. Further, Defendant's

24   conduct was despicable in that it was carried on by Defendant with a willful and conscious disregard

25   of the rights or safety of others, thereby constituting malice as defined by *Civil Code* section 3294.

26   151.   Defendant's failure to engage in good faith interactive process was despicable, and

27   subjected Plaintiff to cruel and unjust hardship by failing to determine reasonable accommodation

28   for Plaintiff, risking further harm to Plaintiff, as herein alleged, in conscious disregard of Plaintiff's

THE LAW OFFICES OF GAVRIL T. GABRIEL
8255 FIRESTONE BLVD., SUITE 209
DOWNEY, CA 90241

-22-
**FIRST AMENDED COMPLAINT FOR DAMAGES**

rights, thereby constituting oppression as defined by *Civil Code* section 3294.

152.    Defendant has acted in a malicious and oppressive manner by failing to engage in good faith interactive process to determine reasonable accommodation for Plaintiff, entitling Plaintiff to punitive damages.

153.    Plaintiff has incurred and continues to incur legal expenses and attorney's fees. Pursuant to *Government Code* section 12965(b), Plaintiff is entitled to recover reasonable attorney's fees and costs (including expert costs) in an amount according to proof.

154.    The damages caused by Defendant are well in excess of the minimum subject matter jurisdictional amount of this Court and will be demonstrated according to proof.

WHEREFORE, Plaintiff demands judgment as hereafter set forth.

## XII.    EIGHTH CAUSE OF ACTION
(Retaliation (Labor Code, §§ 98.6, 1102.5))
<u>(Against All Defendants)</u>

155.    Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs 1 through 154 of this First Amended Complaint as though fully set forth herein.

156.    At all times mentioned herein, Defendant employed five or more persons, and *Labor Code* sections 98.6 and 1102.5 were in full force and effect and binding on Defendant. These sections require Defendant to refrain from retaliating against any employee as a result of the employee's opposition to practices forbidden by state or federal statute, or practices that violate or do not comply with a local, state, or federal rule or regulation pursuant to *Labor Code* sections 98.6 and 1102.5(c).

157.    At all times relevant, Plaintiff was an employee of Defendant.

158.    During Plaintiff's employment, Plaintiff requested reasonable accommodation for his disability, requested that Defendant initiate a worker's compensation claim on his behalf, and complained regarding disparate treatment by Defendant.

159.    In or around September of 2019, Plaintiff complained on at least two separate occasions to Defendant's agents Carlos and Brian that it was not fair for Defendant to provide accommodation for the disability of Plaintiff's coworker Vincent Guzman, who was younger than

THE LAW OFFICES OF GAVRIL T. GABRIEL
8255 FIRESTONE BLVD., SUITE 209
DOWNEY, CA 90241

-23-
**FIRST AMENDED COMPLAINT FOR DAMAGES**

1 | Plaintiff, while refusing to accommodate Plaintiff's work restrictions.

2 |     160.    Further, on or around October 2, 2020, Defendant terminated Plaintiff's
3 | employment.

4 |     161.    Plaintiff believes, and based thereon alleges, that Defendant took adverse
5 | employment actions against Plaintiff in retaliation for his complaints.

6 |     162.    Plaintiff's accommodation requests, request to file a worker's compensation claim,
7 | and good-faith complaints to Defendant were motivating factors in Defendant's decision to take
8 | adverse employment actions against Plaintiff.

9 |     163.    As a proximate result of Defendant's willful, knowing, and intentional retaliation
10 | against Plaintiff, Plaintiff has sustained and continues to sustain substantial losses of earnings and
11 | other employment benefits.

12 |     164.    As a proximate result of Defendant's willful, knowing, and intentional unlawful
13 | actions against Plaintiff, Plaintiff has suffered and continues to suffer humiliation, emotional
14 | distress, physical pain and mental pain and anguish, all to his damage in a sum according to proof.

15 |     165.    Pursuant to the *Labor Code*, the consequences for violating section 1102.5 can be
16 | significant. Specifically, employers that violate this section may be ordered to reinstate
17 | whistleblowers with backpay and benefits, pay the employee's actual damages, and/or pay a civil
18 | penalty of $10,000 for each violation pursuant to *Labor Code* sections 98.6(b), 98.6(b)(3), 1102.5(f)
19 | and 1105.

20 |     166.    Defendant was aware of its obligation not to retaliate against Plaintiff due to his
21 | worker's compensation claim, accommodation requests and good-faith complaints, pursuant to
22 | *Labor Code* sections 98.6 and 1102.5. However, Defendant failed to do so. Thus, Defendant
23 | intentionally disregarded the *Labor Code* and retaliated against Plaintiff, so as to cause injury to
24 | Plaintiff. Further, Defendant's conduct was despicable in that it was carried on by Defendant with
25 | a willful and conscious disregard of the rights or safety of others, thereby constituting malice as
26 | defined by *Civil Code* section 3294.

27 |     167.    Defendant's retaliation against Plaintiff was despicable, and subjected Plaintiff to
28 | cruel and unjust hardship, as herein alleged, in conscious disregard of Plaintiff's rights, thereby

THE LAW OFFICES OF GAVRIL T. GABRIEL
8255 FIRESTONE BLVD., SUITE 209
DOWNEY, CA 90241

-24-

**FIRST AMENDED COMPLAINT FOR DAMAGES**

1    constituting oppression as defined by *Civil Code* section 3294.

2        168.    Defendant's retaliation against Plaintiff was fraudulent in that Defendant

3    intentionally misrepresented its reason for Plaintiff's termination. Said misrepresentation was made

4    by Defendant in order to deprive Plaintiff of legal rights or otherwise cause him injury. Plaintiff

5    believes and alleges that he was terminated due to his accommodation requests, worker's

6    compensation claim and good-faith complaints. Defendant's misrepresentation of its reason for

7    Plaintiff's termination thereby constitutes fraud as defined by *Civil Code* section 3294.

8        169.    Defendant has acted in a malicious, oppressive and fraudulent manner in its

9    retaliation against Plaintiff for engaging in protected activity, entitling Plaintiff to punitive

10    damages.

11        170.    Plaintiff has incurred and continues to incur legal expenses and attorney's fees.

12    Pursuant to *Government Code* section 12965(b), Plaintiff is entitled to recover reasonable

13    attorney's fees and costs (including expert costs) in an amount according to proof.

14        171.    The damages caused by Defendant are well in excess of the minimum subject

15    matter jurisdictional amount of this Court and will be demonstrated according to proof.

16        WHEREFORE, Plaintiff demands judgment as hereafter set forth.

17

18                    **XIII.    NINTH CAUSE OF ACTION**
       (Unfair and Unlawful Business Practices (Bus. & Prof. Code, §§ 17200 *et seq.*))
19                        (Against All Defendants)

20        172.    Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs 1

21    through 171 of this First Amended Complaint as though fully set forth herein.

22        173.    Plaintiff, on behalf of himself, brings these claims pursuant to *Business &*

23    *Professions Code* sections 17200 *et seq*. The conduct of Defendant as alleged in this First Amended

24    Complaint has been and continues to be unfair, unlawful, and harmful to Plaintiff and the general

25    public. Plaintiff seeks to enforce important rights affecting the public interest within the meaning

26    of California *Code of Civil Procedure* section 1021.5.

27        174.    Plaintiff is a "person who has suffered injury in fact and has lost money or property

28    as a result of such unfair competition" within the meaning of *Business & Professions Code* section

THE LAW OFFICES OF GAVRIL T. GABRIEL
8255 FIRESTONE BLVD., SUITE 209
DOWNEY, CA 90241

-25-
**FIRST AMENDED COMPLAINT FOR DAMAGES**

17204, in that he has been deprived of wages, and therefore has standing to bring this cause for injunctive relief, restitution, and other appropriate equitable relief.

175. *Business & Professions Code* sections 17200 *et seq.*, prohibit unlawful and unfair business practices.

176. Wage and hour laws express fundamental public policies. Providing employees with wages is also a fundamental public policy of this state and of the United States. California *Labor Code* section 90.5(a) articulates the public policies of this State to enforce vigorously minimum labor standards to ensure that employees are not required or permitted to work under substandard and unlawful conditions, and to protect law abiding employers and their employees from competitors who lower their cost by failing to comply with minimum labor standards, including failing to properly compensate employees.

177. Defendant, beginning at an exact date unknown to Plaintiff, but at least since the date four years prior to the filing of this suit, have committed acts of unfair competition as defined by the Unfair Business Practice Act, and have violated statutes of public policies. Through the conduct alleged in this First Amended Complaint, Defendant has acted contrary to these public policies, has violated specific provisions of the *Labor Code*, and has engaged in other unlawful and unfair business practices in violation of *Business & Professions Code* sections 17200 *et seq.*, depriving Plaintiff and all interested persons, of the benefits and privileges guaranteed to all employees under law.

178. The conduct of said Defendant as alleged herein, constitutes unfair competition in violation of section 17200 of the *Business & Professions Code*, in that Defendant has violated *Labor Code* section 1198.5 and 1102.5.

179. Defendant, by engaging in the conduct herein alleged, including but not limited to failure to provide employee file, failure to provide reasonable accommodation and retaliation, among other things, either knew, or in the exercise of reasonable care, should have known that such conduct was unlawful and a violation of section 17200 of the *Business & Professions Code*.

180. Unless restrained by this Court, Defendant will continue to engage in the unlawful conduct as alleged above. Pursuant to *Business & Professions Code* sections 17200 *et seq.*, this

**FIRST AMENDED COMPLAINT FOR DAMAGES**

THE LAW OFFICES OF GAVRIL T. GABRIEL
8255 FIRESTONE BLVD., SUITE 209
DOWNEY, CA 90241

1    Court should make such orders or judgments, including the appointment of a receiver, as may be

2    necessary, to prevent unlawful employment practices by Defendant, its agents or employees, of any

3    unlawful or deceptive practice prohibited by the *Business & Professions Code*, including but not

4    limited to, restitution which may be necessary to restore Plaintiff and other similarly situated

5    employees, the wages Defendant has unlawfully failed to pay.

6    181.    Plaintiff's success in this action will enforce important rights affecting the public

7    interest, and in that regard, Plaintiff sues on behalf of the general public as well as himself and

8    others similarly situated. Plaintiff is entitled to restitution, civil penalties, declaratory and injunctive

9    relief, and all other equitable remedies owing to him.

10   182.    The action is seeking to vindicate a public right, and it would be against the interests

11   of justice to penalize Plaintiff by forcing him to pay attorneys' fees from the recovery in this action.

12   An award of attorneys' fees is appropriate pursuant to *Code of Civil Procedure* section 1021.5 and

13   otherwise.

14   183.    The damages caused by Defendant are well in excess of the minimum subject

15   matter jurisdictional amount of this Court and will be demonstrated according to proof.

16   WHEREFORE, Plaintiff demands judgment as hereafter set forth.

17

### XIV.   TENTH CAUSE OF ACTION
(Wrongful Termination (In Violation of Public Policy))
(Against All Defendants)

18

19

20   184.    Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs 1

21   through 183 of this First Amended Complaint as though fully set forth herein.

22   185.    At all times herein mentioned in this First Amended Complaint, California

23   *Government Code* sections 12940 *et seq.*, and California Constitution Article 1, section 8, were in

24   full force and effect and were binding on the Defendant and the Defendant was subject to their

25   terms, and therefore Defendant was required to refrain from violations of public policy, including

26   discrimination on the account of Plaintiff's age, disability, accommodation requests, worker's

27   compensation claim and good-faith complaints, among other things.

28   186.    At all times relevant, Plaintiff was an employee of Defendant.

THE LAW OFFICES OF GAVRIL T. GABRIEL
8255 FIRESTONE BLVD., SUITE 209
DOWNEY, CA 90241

-27-

**FIRST AMENDED COMPLAINT FOR DAMAGES**

THE LAW OFFICES OF GAVRIL T. GABRIEL
8255 FIRESTONE BLVD., SUITE 209
DOWNEY, CA 90241

187.    On or around October 2, 2020 Defendant terminated Plaintiff's employment.

188.    Plaintiff's age, disability, accommodation requests, worker's compensation claim, and good-faith complaints, among other things, were substantial motivating reasons for Defendant's decision to terminate Plaintiff. As a result of Defendant's wrongful termination of Plaintiff, Plaintiff has been harmed.

189.    As a direct result of the discriminatory and retaliatory acts by Defendant, Plaintiff was terminated in direct violation of public policy. Defendant knew or reasonably should have known of the intolerable discriminatory acts and conditions and of their impact on Plaintiff.

190.    As a proximate result of Defendant's willful, knowing, and intentional misconduct, Plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits.

191.    As a proximate result of Defendant's willful, knowing, and intentional misconduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, physical pain and mental pain and anguish, all to his damage in a sum according to proof.

192.    Defendant was aware of its obligation not to wrongfully terminate Plaintiff based upon his age, disability, accommodation requests, worker's compensation claim, and good-faith complaints, pursuant to Public Policy. However, Defendant failed to do so. Thus, Defendant intentionally disregarded Public Policy and wrongfully terminated Plaintiff, so as to cause injury to Plaintiff. Further, Defendant's conduct was despicable in that it was carried on by Defendant with a willful and conscious disregard of the rights or safety of others, thereby constituting malice as defined by *Civil Code* section 3294.

193.    Defendant's wrongful termination of Plaintiff's employment was despicable, and subjected Plaintiff to cruel and unjust hardship, as herein alleged, in conscious disregard of Plaintiff's rights, thereby constituting oppression as defined by *Civil Code* section 3294.

194.    Defendant's wrongful termination of Plaintiff's employment was fraudulent in that Defendant intentionally misrepresented its reason for Plaintiff's termination. Said misrepresentation was made by Defendant in order to deprive Plaintiff of legal rights or otherwise cause him injury. Plaintiff believes and alleges that he was terminated due to his age, disability,

-28-

**FIRST AMENDED COMPLAINT FOR DAMAGES**

accommodation requests, worker's compensation claim and good-faith complaints. Defendant's misrepresentation of its reason for Plaintiff's termination thereby constitutes fraud as defined by *Civil Code* section 3294.

195.     Defendant has acted in a malicious, oppressive and fraudulent manner in its wrongful termination of Plaintiff, entitling Plaintiff to punitive damages.

196.     Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to *Government Code* section 12965(b), Plaintiff is entitled to recover reasonable attorney's fees and costs (including expert costs) in an amount according to proof.

197.     The damages caused by Defendant are well in excess of the minimum subject matter jurisdictional amount of this Court and will be demonstrated according to proof.

WHEREFORE, Plaintiff demands judgment as hereafter set forth.

## XV.    PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays for judgment, against Defendants, and each of them, as follows:

### ON ALL CAUSES OF ACTION

1.     For general damages according to proof but no less than $1,000,000.00;

2.     For special damages according to proof but no less than $1,000,000.00;

3.     For punitive damages in an amount appropriate to punish Defendant and deter others from engaging in similar misconduct on appropriate legal causes of action;

4.     For compensatory damages according to proof;

5.     For penalties of no less than $100,000.00;

6.     For prejudgment interest;

7.     For costs of suit, including attorneys' fees; and

///
///
///
///

**FIRST AMENDED COMPLAINT FOR DAMAGES**

The Law Offices of Gavril T. Gabriel
8255 Firestone Blvd., Suite 209
Downey, CA 90241

8.      For such other relief as the Court deems just and proper.

DATED: October___**20**___, 2022          THE LAW OFFICES OF GAVRIL T. GABRIEL


By: _~~Gavril T. Gabriel~~_____
          Gavril T. Gabriel, Esq.
          Attorney for PLAINTIFF, EFREN GUTIERREZ

THE LAW OFFICES OF GAVRIL T. GABRIEL
8255 FIRESTONE BLVD., SUITE 209
DOWNEY, CA 90241

-30-
**FIRST AMENDED COMPLAINT FOR DAMAGES**

1

## DEMAND FOR JURY TRIAL

2

3        NOTICE IS HEREBY GIVEN that Plaintiff, EFREN GUTIERREZ, hereby demands trial

4   by jury in the above-entitled matter.

5

6   DATED: October **20**      , 2022          THE LAW OFFICES OF GAVRIL T. GABRIEL

7

8                                              By:

9                                                  Gavril T. Gabriel, Esq.
                                                   Attorney for PLAINTIFF, EFREN GUTIERREZ

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**FIRST AMENDED COMPLAINT FOR DAMAGES**

THE LAW OFFICES OF GAVRIL T. GABRIEL
8255 FIRESTONE BLVD., SUITE 209
DOWNEY, CA 90241

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

THE LAW OFFICES OF GAVRIL T. GABRIEL
8255 FIRESTONE BLVD., SUITE 209
DOWNEY, CA 90241

# EXHIBIT "A"

"EXHIBIT A" ATTACHED TO COMPLAINT FOR DAMAGES



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

**Civil Rights Department**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
www.dfeh.ca.gov | contact.center@dfeh.ca.gov

Gavril T. Gabriel
8255 Firestone Blvd., Suite 209
Downey, CA 90241

RE:   **Notice to Complainant's Attorney**
CRD Matter Number: 202208-17781202
Right to Sue: Gutierrez / Graphic Packaging International, LLC et al.

Dear
Gavril T. Gabriel

Attached is a copy of your **amended** complaint of discrimination filed with the Civil Rights Department (CRD) pursuant to the California Fair Employment and Housing Act, Government Code section 12900 et seq.

Pursuant to Government Code section 12962, CRD will not serve these documents on the employer.  You or your client must serve the complaint.

The amended complaint is deemed to have the same filing date of the original complaint.  This is not a new Right to Sue letter.  The original Notice of Case Closure and Right to Sue issued in this case remains the only such notice provided by the CRD. (Cal. Code Regs., tit. 2, § 10022.)

Be advised that the CRD does not review or edit the complaint form to ensure that it meets procedural or statutory requirements.

Sincerely,

Civil Rights Department

CRD - ENF 80 RS (Revised 10/22)

**COMPLAINT OF EMPLOYMENT DISCRIMINATION
BEFORE THE STATE OF CALIFORNIA**
**Civil Rights Department**
**Under the California Fair Employment and Housing Act
(Gov. Code, § 12900 et seq.)**

**In the Matter of the Complaint of**

Efren Gutierrez                                                CRD No. 202208-17781202

                            Complainant,

vs.

Graphic Packaging International, LLC
1500 Riveredge Parkway, Suite 100
Atlanta, GA 30328

Greif, Inc.
425 Winter Rd.
Delaware, OH 43105

Caraustar Custom Packaging Group, Inc.
5000 Austell-Powder Springs Road
Austell, GA 30106

                            Respondents
_____

**1.** Respondent **Graphic Packaging International, LLC** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

**2.** Complainant is naming **Greif, Inc.** business as Co-Respondent(s).
Complainant is naming **Caraustar Custom Packaging Group, Inc.** business as Co-Respondent(s).

**3.** Complainant **Efren Gutierrez**, resides in the City of **,** State of **.**

**4.** Complainant alleges that on or about **October 2, 2020**, respondent took the following adverse actions:

**Complainant was harassed** because of complainant's disability (physical or mental), age (40 and over).

-1-
*Complaint – CRD No. 202208-17781202*

Date Filed: August 15, 2022
Date Amended: October 17, 2022

CRD-ENF 80 RS (Revised 10/22)

**Complainant was discriminated against** because of complainant's disability (physical or mental), age (40 and over), other and as a result of the discrimination was terminated, laid off, forced to quit, denied any employment benefit or privilege, denied reasonable accommodation for a disability, other, denied work opportunities or assignments.

**Complainant experienced retaliation** because complainant reported or resisted any form of discrimination or harassment, requested or used a disability-related accommodation and as a result was terminated, laid off, forced to quit, denied any employment benefit or privilege, denied reasonable accommodation for a disability, other, denied work opportunities or assignments.

**Additional Complaint Details:** Plaintiff's hiring: On or around February 4, 1987, LA Paperbox hired Plaintiff Mr. Efren Gutierrez (hereafter "Mr. Gutierrez" or "Plaintiff") as a packer. In 1993 or 1994, Mr. Gutierrez was promoted to pressman. Plaintiff's daily job duties consisted of putting rolls of paper on the machine, operating the machinery, giving breaks to his helpers, and adjusting and readjusting the machine, among other things. Plaintiff's most recent rate of compensation was $24.00 hourly.

Plaintiff sustained a work-related injury during his employment and thereafter possessed a disability as defined by Government Code section 12926(m) in the form of shoulder impingement syndrome; Plaintiff was approximately 52 years of age at the time of his termination; Plaintiff requested reasonable accommodation during his employment; Plaintiff requested that Defendant initiate a worker's compensation claim on his behalf; and Plaintiff complained to Defendant regarding disparate treatment.

In November of 2004, Plaintiff left the company and returned on or around July 1st, 2007, at which time he continued working as a pressman. In 2013, Plaintiff left again and returned in August of 2015. After multiple acquisitions, the company then-owned by Greif, Inc. was sold to Graphic Packaging International, LLC in April of 2020.

Throughout his employment, Plaintiff's job performance was outstanding, and Plaintiff's skills were unmatched.

In late 2018, Mr. Gutierrez was asked to step down and work as a pre-make ready specialist. The company insisted that Plaintiff accept the position even though it would be a substantial demotion for him. In that capacity, Plaintiff's daily job duties would include making pin drums, working on dyes, elaborating paper, and assisting the pressmen. Ultimately, Plaintiff felt compelled to accept the demotion.

After three or four months in his new role, in the first week of April of 2019, Defendant decided to have Mr. Gutierrez work again as a pressman. At that point in time, Plaintiff was experiencing severe pain in his right shoulder. Plaintiff explained to managers Rigo, Carlos and Brian, as well as to HR, that he could not lift his right shoulder and that he would not be able to perform all the job duties of a pressman without help. Plaintiff stated that he would either remain in the same position of pre-make ready specialist or acquire an assistant for

-2-
*Complaint – CRD No. 202208-17781202*

Date Filed: August 15, 2022
Date Amended: October 17, 2022

CRD-ENF 80 RS (Revised 10/22)

1 | the heavy lifting portion of the pressman position. Plaintiff thus requested accommodation for his shoulder.

2

3 | Upon hearing that Plaintiff was not 100% able to complete the job duties of a pressman without accommodation, Defendant's managers and the HR representative told Plaintiff that there was nothing they could do for him. They told Plaintiff "go home then" until he could

4 | come back to work without work restrictions.

5

6 | Thereafter, Plaintiff went to the doctor who advised Plaintiff that the injury was work-related. Plaintiff was diagnosed with shoulder impingement syndrome in his right shoulder. Plaintiff returned to work and explained his health condition and the doctor's diagnosis to his

7 | employer. Plaintiff asked Defendant to file a Worker's Compensation claim on his behalf. Defendant refused.

8

9 | Plaintiff was then sent to Defendant's clinic in or around early May of 2019. Plaintiff received work restrictions that did not allow him to lift more than 10-15 lbs. Defendant still refused to accommodate Plaintiff, even though there were multiple positions open, including a forklift

10 | position, where Plaintiff could temporarily be placed.

11

12 | Over the next few months, Mr. Gutierrez repeatedly asked Defendant to place him in any position it determined he would be useful. Considering Plaintiff's decades of experience, he was able to perform almost all duties at the job site and serve the company in multiple ways.

13 | Still, Defendant did not accept him back. In or around July or August of 2019, HR told Plaintiff to stop going to the job site to ask for light duty work.

14

15 | In or around the fall of 2019, another employee named Vincent Guzman received accommodations for his disability. Mr. Guzman was in his 20s or 30s. At that time, Plaintiff was 52 years old.

16

17 | Upon learning that his co-worker was accommodated while he was repeatedly told that there was no work for him, Plaintiff returned to work and complained to his managers about this injustice. Carlos replied to Plaintiff that "Brian did it," meaning that Brian, who was the

18 | plant manager, was the one that decided to accommodate Mr. Guzman and not Plaintiff.

19

20 | Plaintiff reiterated that he was willing to do any type of work that was within his work restrictions, even if the job was to sweep the floors, which is what Defendant allowed Mr. Guzman to do. Carlos replied that they had "nothing" for Plaintiff, and that since they had Victor, they did not need Plaintiff. Victor, who was in his 30s and had minimal work

21 | experience, ultimately replaced Plaintiff.

22

23 | In or around September of 2019, Plaintiff complained directly to Brian about the fact that Defendant was refusing to accommodate him. Brian replied "we didn't think you were going to come back." In other words, Defendant had already decided to terminate Plaintiff because

24 | of his disability, his need for accommodation, his good-faith complaints and his worker's compensation claim.

25

26 | -3-

Complaint – CRD No. 202208-17781202

27 | Date Filed: August 15, 2022

28 | Date Amended: October 17, 2022

CRD-ENF 80 RS (Revised 10/22)

1   In or around October or November of 2019, Plaintiff went back to work to get his personal
    belongings and noticed that his locker was broken in by another employee upon his
2   supervisors' orders and all of its contents were gone. Plaintiff suspected that Defendant had
    no intention of accepting him back.
3

4   From April of 2019 until his termination on October 2, 2020, Plaintiff was told not to show up
    to work.

5
    After going through several therapy sessions throughout summer until December of 2019,
6   Plaintiff's shoulder and elbow specialist said that Plaintiff needed surgery. Plaintiff
    underwent surgery in July of 2020. Plaintiff then received physical therapy until November of
7   2020.

8   From the time that the company was sold to Graphic Packaging International, the new
    management did not treat Plaintiff as an employee. GREIF Packaging omitted properly
9   informing the buying company about Plaintiff's employment. Plaintiff was not informed that
    GREIF Packaging had sold the company or that it had posted a list of employees who
10  wanted to work for the new company. Thus, Plaintiff was deprived of any opportunity to
    apply for a position with Graphic Packaging International on equal terms with the other
11  employees.

12  On or around September 30, 2020, Plaintiff was fully capable of returning to work. Plaintiff
    went to the job site intending to resume his job duties. However, HR told him that all
13  positions within the company were filled. Plaintiff was offered severance pay, compensation
    for approximately five weeks of work and other relevant paperwork. Plaintiff did not agree to
14  any of the above. Plaintiff was then given a termination notice dated October 2, 2020.

15
    Plaintiff was discriminated against because of his age and disability, and retaliated against
16  for bringing a worker's compensation claim, making good-faith complaints and needing
    accommodations.
17

18  Plaintiff has suffered both economic and non-economic damages on a continuous and
    ongoing basis, including, costs, attorney's fees and interest as a result of Defendant's
19  wrongful conduct.

20

21

22

23

24

25

26                                              -4-
                                Complaint – CRD No. 202208-17781202
27
    Date Filed: August 15, 2022
28  Date Amended: October 17, 2022

                                                        CRD-ENF 80 RS (Revised 10/22)

VERIFICATION

I, **Gavril T. Gabriel**, am the **Complainant** in the above-entitled complaint. I have read the foregoing complaint and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe it to be true.

On August 15, 2022, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**Downey, CA**

-5-
*Complaint – CRD No. 202208-17781202*

Date Filed: August 15, 2022
Date Amended: October 17, 2022

CRD-ENF 80 RS (Revised 10/22)

# 2022-10-20 3078.01 First Amended Complaint

Final Audit Report                                                    2022-10-20

| | |
|---|---|
| Created: | 2022-10-20 |
| By: | Kaytlin Cooper (kcooper@gtglaw.org) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAIaFfghwz8BbZr0esQzYioBeXYyzArNnx |

## "2022-10-20 3078.01 First Amended Complaint" History

📄 Document created by Kaytlin Cooper (kcooper@gtglaw.org)
2022-10-20 - 7:52:34 PM GMT- IP address: 98.153.94.162

📧 Document emailed to Gavril Gabriel (ggabriel@gtglaw.org) for signature
2022-10-20 - 7:54:20 PM GMT

📄 Email viewed by Gavril Gabriel (ggabriel@gtglaw.org)
2022-10-20 - 7:57:06 PM GMT- IP address: 75.82.249.140

✏️ Document e-signed by Gavril Gabriel (ggabriel@gtglaw.org)
Signature Date: 2022-10-20 - 7:58:11 PM GMT - Time Source: server- IP address: 75.82.249.140

✅ Agreement completed.
2022-10-20 - 7:58:11 PM GMT

**Adobe Acrobat Sign**

## CERTIFICATE OF SERVICE

1    UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

2         I, Kaytlin Cooper, am employed in the County of Los Angeles, State of California.  I am over the age of eighteen and not a party to the within action.  My business address is:

3
                                    8255 Firestone Blvd., Suite 209
4                                        Downey, CA 90241

5         On October 20, 2022, I served the foregoing document described as:

6         **PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES;**

7    on all interested parties in this action by placing [**X**] a true copy [  ] the original thereof enclosed in sealed envelope(s), at Downey, California, addressed as follows:

8
     Danielle Hultenius Moore, Esq.
9    Ariella Onyeama, Esq.
     Chase P. Parongao, Esq.
10   FISHER & PHILLIPS LLP
     444 South Flower Street, Suite 1500
11   Los Angeles, CA 90071

12

13   *Counsel for Defendant Graphic Packaging, LLC*

14
     [**X**]  **BY REGULAR MAIL**: I deposited such envelope in the mail at Downey, California.  The envelope
15        was mailed with postage thereon fully prepaid.  I am "readily familiar" with the firm's practice of
          collection and processing correspondence for mailing.  Under that practice it would be deposited with
16        the U.S. Postal Service on that same day with postage thereon fully prepaid at Downey, California in
          the ordinary course of business.  I am aware that on motion of the party served, service is presumed
17        invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit
          for mailing in affidavit.
18   [**X**]  **BY ELECTRONIC TRANSMISSION**: Pursuant to an agreement between the parties to accept
          service via electronic transmission, I transmitted a PDF version of this document by electronic mail to
19        the party(s) identified on the attached service list using the e-mail address(es) indicated.

20   [  ]  **BY FACSIMILE**: I faxed said document, to the office(s) of the addressee(s) shown above, and the
          transmission was reported as complete and without error.

21   [**X**]  I declare that I am employed in the office of a member of the bar of this Court at whose direction the
          service was made.
22
               Executed on October 20, 2022, at Downey, California.
23

24                                               _____
                                                      Kaytlin Cooper
25

26

27

28

## CERTIFICATE OF SERVICE