Gavril T. Gabriel, Esq. [SBN: 296433]
Athina Kotsia, Esq. [SBN: 330608]
Nikolaos Kefallonitis, Esq. [SBN: 343734]
**THE LAW OFFICES OF GAVRIL T. GABRIEL**
8255 Firestone Blvd., Suite 209
Downey, California 90241

Phone: (562) 758-8210
Fax: (562) 758-8219
Email: GGabriel@GTGLaw.org
       AKotsia@GTGLaw.org
       NKefallonitis@GTGLaw.org

Attorneys for PLAINTIFF,
EFREN GUTIERREZ

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| EFREN GUTIERREZ, an individual, <br><br> Plaintiff, <br><br> v. <br><br> GRAPHIC PACKAGING INTERNATIONAL LLC, a Delaware Limited Liability Company; CARAUSTAR CUSTOM PACKAGING GROUP, INC., a Delaware corporation; GREIF, INC., a Delaware corporation and DOES 1 through 10, inclusive, <br><br> Defendants. | Case No. <u>2:22-cv-06945-MFW (MAAx)</u> <br><br> **AMENDMENT TO FIRST AMENDED COMPLAINT NAMING DOE 1 AS GREIF PACKAGING LLC.** <br><br> Complaint Filed: August 24, 2022 <br> FAC Filed: October 20, 2022 <br> Trial Date: April 16, 2024 |

Upon filing of the complaint, Plaintiff being ignorant of the true names of the following defendants and having designated the defendants in the First Amended Complaint by fictitious names, hereby identifies them by their true name as follows: DOE 1: GREIF PACKAGING LLC.

DATED: March 11, 2024           THE LAW OFFICES OF GAVRIL T. GABRIEL

                                By:  _____/s/ Gavril T. Gabriel_____

                                      Gavril T. Gabriel, Esq.
                                      Athina Kotsia, Esq.
                                      Nikolaos Kefallonitis, Esq.
                                Attorneys for PLAINTIFF, EFREN GUTIERREZ

-1-

# EXHIBIT "A"

**"EXHIBIT A" ATTACHED TO COMPLAINT**

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                    GAVIN NEWSOM, GOVERNOR

**Civil Rights Department**                                                                              KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@dfeh.ca.gov

February 23, 2023

Gavril T. Gabriel
8255 Firestone Blvd., Suite 209
Downey, CA 90241

RE:  **Notice to Complainant's Attorney**
     CRD Matter Number: 202208-17781202
     Right to Sue: Gutierrez / Graphic Packaging International, LLC et al.

Dear Gavril T. Gabriel:

Attached is a copy of your **amended** complaint of discrimination filed with the Civil Rights Department (CRD) pursuant to the California Fair Employment and Housing Act, Government Code section 12900 et seq.

Pursuant to Government Code section 12962, CRD will not serve these documents on the employer. You or your client must serve the complaint.

The amended complaint is deemed to have the same filing date of the original complaint. This is not a new Right to Sue letter. The original Notice of Case Closure and Right to Sue issued in this case remains the only such notice provided by the CRD. (Cal. Code Regs., tit. 2, § 10022.)

Be advised that the CRD does not review or edit the complaint form to ensure that it meets procedural or statutory requirements.

Sincerely,

Civil Rights Department

CRD - ENF 80 RS (Revised 12/22)

**COMPLAINT OF EMPLOYMENT DISCRIMINATION
BEFORE THE STATE OF CALIFORNIA
Civil Rights Department
Under the California Fair Employment and Housing Act
(Gov. Code, § 12900 et seq.)**

**In the Matter of the Complaint of**
Efren Gutierrez                                        CRD No. 202208-17781202

Complainant,

vs.

Graphic Packaging International, LLC
1500 Riveredge Parkway, Suite 100
Atlanta, GA 30328

Greif, Inc.
425 Winter Rd.
Delaware, OH 43105

Caraustar Custom Packaging Group, Inc.
5000 Austell-Powder Springs Road
Austell, GA 30106

GPI CONVERTING, LLC
1500 RIDEREDGE PKWY   SUITE 100
ATLANTA, GA 30328

Respondents
———————————————————

**1.** Respondent **Graphic Packaging International, LLC** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

**2**.Complainant is naming **Greif, Inc.** business as Co-Respondent(s).
Complainant is naming **Caraustar Custom Packaging Group, Inc.** business as Co-Respondent(s).
Complainant is naming **GPI CONVERTING, LLC** business as Co-Respondent(s).

**3**. Complainant **Efren Gutierrez**, resides in the City of **,** State of **.**

**4.** Complainant alleges that on or about **October 2, 2020**, respondent took the following adverse actions:

-1-
*Complaint – CRD No. 202208-17781202*

Date Filed: August 15, 2022
Date Amended: February 23, 2023

CRD-ENF 80 RS (Revised 12/22)

**Complainant was harassed** because of complainant's age (40 and over), other.

**Complainant was discriminated against** because of complainant's disability (physical or mental), age (40 and over), other and as a result of the discrimination was terminated, laid off, forced to quit, denied any employment benefit or privilege, denied reasonable accommodation for a disability, other, denied work opportunities or assignments.

**Complainant experienced retaliation** because complainant reported or resisted any form of discrimination or harassment, requested or used a disability-related accommodation and as a result was terminated, laid off, forced to quit, denied any employment benefit or privilege, denied reasonable accommodation for a disability, other, denied work opportunities or assignments.

**Additional Complaint Details:** Plaintiff's hiring: On or around February 4, 1987, LA Paperbox hired Plaintiff Mr. Efren Gutierrez (hereafter "Mr. Gutierrez" or "Plaintiff") as a packer. In 1993 or 1994, Mr. Gutierrez was promoted to pressman. Plaintiff's daily job duties consisted of putting rolls of paper on the machine, operating the machinery, giving breaks to his helpers, and adjusting and readjusting the machine, among other things. Plaintiff's most recent rate of compensation was $24.00 hourly.

Plaintiff sustained a work-related injury during his employment and thereafter possessed a disability as defined by Government Code section 12926(m) in the form of shoulder impingement syndrome; Plaintiff was approximately 52 years of age at the time of his termination; Plaintiff requested reasonable accommodation during his employment; Plaintiff requested that Defendant initiate a worker's compensation claim on his behalf; and Plaintiff complained to Defendant regarding disparate treatment.

In November of 2004, Plaintiff left the company and returned on or around July 1st, 2007, at which time he continued working as a pressman. In 2013, Plaintiff left again and returned in August of 2015. After multiple acquisitions, the company then-owned by Greif, Inc. was sold to Graphic Packaging International, LLC in April of 2020.

Throughout his employment, Plaintiff's job performance was outstanding, and Plaintiff's skills were unmatched.

In late 2018, Mr. Gutierrez was asked to step down and work as a pre-make ready specialist. The company insisted that Plaintiff accept the position even though it would be a substantial demotion for him. In that capacity, Plaintiff's daily job duties would include making pin drums, working on dyes, elaborating paper, and assisting the pressmen. Ultimately, Plaintiff felt compelled to accept the demotion.

After three or four months in his new role, in the first week of April of 2019, Defendant decided to have Mr. Gutierrez work again as a pressman. At that point in time, Plaintiff was experiencing severe pain in his right shoulder. Plaintiff explained to managers Rigo, Carlos

1  and Brian, as well as to HR, that he could not lift his right shoulder and that he would not be able to perform all the job duties of a pressman without help. Plaintiff stated that he would

2  either remain in the same position of pre-make ready specialist or acquire an assistant for the heavy lifting portion of the pressman position. Plaintiff thus requested accommodation

3  for his shoulder.

4  Upon hearing that Plaintiff was not 100% able to complete the job duties of a pressman without accommodation, Defendant's managers and the HR representative told Plaintiff that

5  there was nothing they could do for him. They told Plaintiff "go home then" until he could come back to work without work restrictions.

6

7  Thereafter, Plaintiff went to the doctor who advised Plaintiff that the injury was work-related. Plaintiff was diagnosed with shoulder impingement syndrome in his right shoulder. Plaintiff

8  returned to work and explained his health condition and the doctor's diagnosis to his employer. Plaintiff asked Defendant to file a Worker's Compensation claim on his behalf.

9  Defendant refused.

10  Plaintiff was then sent to Defendant's clinic in or around early May of 2019. Plaintiff received work restrictions that did not allow him to lift more than 10-15 lbs. Defendant still refused to

11  accommodate Plaintiff, even though there were multiple positions open, including a forklift position, where Plaintiff could temporarily be placed.

12

13  Over the next few months, Mr. Gutierrez repeatedly asked Defendant to place him in any position it determined he would be useful. Considering Plaintiff's decades of experience, he

14  was able to perform almost all duties at the job site and serve the company in multiple ways. Still, Defendant did not accept him back. In or around July or August of 2019, HR told

15  Plaintiff to stop going to the job site to ask for light duty work.

16  In or around the fall of 2019, another employee named Vincent Guzman received accommodations for his disability. Mr. Guzman was in his 20s or 30s. At that time, Plaintiff

17  was 52 years old.

18  Upon learning that his co-worker was accommodated while he was repeatedly told that there was no work for him, Plaintiff returned to work and complained to his managers about

19  this injustice. Carlos replied to Plaintiff that "Brian did it," meaning that Brian, who was the plant manager, was the one that decided to accommodate Mr. Guzman and not Plaintiff.

20

21  Plaintiff reiterated that he was willing to do any type of work that was within his work restrictions, even if the job was to sweep the floors, which is what Defendant allowed Mr.

22  Guzman to do. Carlos replied that they had "nothing" for Plaintiff, and that since they had Victor, they did not need Plaintiff. Victor, who was in his 30s and had minimal work

23  experience, ultimately replaced Plaintiff.

24  In or around September of 2019, Plaintiff complained directly to Brian about the fact that Defendant was refusing to accommodate him. Brian replied "we didn't think you were going

25  to come back." In other words, Defendant had already decided to terminate Plaintiff because

26  -3-
*Complaint – CRD No. 202208-17781202*

27  Date Filed: August 15, 2022

28  Date Amended: February 23, 2023

CRD-ENF 80 RS (Revised 12/22)

of his disability, his need for accommodation, his good-faith complaints and his worker's compensation claim.

In or around October or November of 2019, Plaintiff went back to work to get his personal belongings and noticed that his locker was broken in by another employee upon his supervisors' orders and all of its contents were gone. Plaintiff suspected that Defendant had no intention of accepting him back.

From April of 2019 until his termination on October 2, 2020, Plaintiff was told not to show up to work.

After going through several therapy sessions throughout summer until December of 2019, Plaintiff's shoulder and elbow specialist said that Plaintiff needed surgery. Plaintiff underwent surgery in July of 2020. Plaintiff then received physical therapy until November of 2020.

From the time that the company was sold to Graphic Packaging International, the new management did not treat Plaintiff as an employee. GREIF Packaging omitted properly informing the buying company about Plaintiff's employment. Plaintiff was not informed that GREIF Packaging had sold the company or that it had posted a list of employees who wanted to work for the new company. Thus, Plaintiff was deprived of any opportunity to apply for a position with Graphic Packaging International on equal terms with the other employees.

On or around September 30, 2020, Plaintiff was fully capable of returning to work. Plaintiff went to the job site intending to resume his job duties. However, HR told him that all positions within the company were filled. Plaintiff was offered severance pay, compensation for approximately five weeks of work and other relevant paperwork. Plaintiff did not agree to any of the above. Plaintiff was then given a termination notice dated October 2, 2020.

Plaintiff was discriminated against because of his age and disability, and retaliated against for bringing a worker's compensation claim, making good-faith complaints and needing accommodations.

Plaintiff has suffered both economic and non-economic damages on a continuous and ongoing basis, including, costs, attorney's fees and interest as a result of Defendant's wrongful conduct.

-4-
*Complaint – CRD No. 202208-17781202*

Date Filed: August 15, 2022
Date Amended: February 23, 2023

CRD-ENF 80 RS (Revised 12/22)

1  VERIFICATION

2  I, **Gavril T Gabriel**, am the **Attorney** in the above-entitled complaint.  I have read the
3  foregoing complaint and know the contents thereof.  The matters alleged are based on information and belief, which I believe to be true.

4  
5  On August 15, 2022, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

6  **Downey, CA**

-5-
*Complaint – CRD No. 202208-17781202*

Date Filed: August 15, 2022
Date Amended: February 23, 2023

CRD-ENF 80 RS (Revised 12/22)

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I, Keren Franco, am employed in the County of Los Angeles, State of California. I am over the age of eighteen and not a party to the within action. My business address is:

8255 Firestone Blvd., Suite 209
Downey, CA 90241

On March 11, 2024, I served the foregoing document described as:

**AMENDMENT TO FIRST AMENDED COMPLAINT NAMING DOE 1 AS GREIF PACKAGING LLC.;**

on all interested parties in this action by placing [**X**] a true copy [ ] the original thereof enclosed in sealed envelope(s), at Downey, California, addressed as follows:

| | |
|---|---|
| Danielle Hultenius Moore<br>*dmoore@fisherphillips.com*<br>**FISHER & PHILLIPS LLP**<br>4747 Executive Drive, Suite 1000<br>San Diego, California 92121<br><br>Ariella T. Onyeama<br>*aonyeama@fisherphillips.com*<br>**FISHER & PHILLIPS LLP**<br>444 South Flower Street, Suite 1500<br>Los Angeles, California 90071<br><br>*Attorneys for Defendant, Graphic Packaging International, LLC served via Mail and Email* | Cory D. Catignani<br>*cdcatignani@vorys.com*<br>**VORYS, SATER, SEYMOUR AND PEASE LLP**<br>4675 MacArthur Court, Suite 700<br>Newport Beach, CA 92660<br><br>*Attorney for Defendant GREIF, INC. served via Email* |

[**X**] **BY ELECTRONIC TRANSMISSION**: Pursuant to an agreement between the parties to accept service via electronic transmission, I transmitted a PDF version of this document by electronic mail to the party(s) identified on the attached service list using the e-mail address(es) indicated.

[**X**] **BY REGULAR MAIL**: I deposited such envelope in the mail at Downey, California. The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Downey, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

[**X**] (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on March 11, 2024, at Downey, California.

*Keren Franco*
_____
Keren Franco
*kfranco@gtglaw.org*

**PROOF OF SERVICE**