UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 22-6945-MWF (MAAx)          **Date:  August 8, 2024**

Title:      Efren Gutierrez v. Graphic Packaging International, LLC, et al.

Present:    The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

Deputy Clerk:                      Court Reporter:
Rita Sanchez                       Not Reported

Attorneys Present for Plaintiff:   Attorneys Present for Defendant:
None Present                       None Present

**Proceedings (In Chambers):**    ORDER RE: DEFENDANTS' MOTIONS FOR
SUMMARY JUDGMENT [45] [49]; DEFENDANT'S
MOTION FOR RULE 11 SANCTIONS [48]; AND
PLAINTIFF'S MOTION FOR LEAVE TO AMEND
COMPLAINT [50]; ORDER TO SHOW CAUSE

Before the Court are four motions:

The first is Defendant Graphic Packaging International, LLC's ("Graphic Packaging") Motion for Summary Judgment ("Graphic Packaging's MSJ"), filed on March 21, 2024.  (Docket No. 45).  Plaintiff Efren Gutierrez filed an Opposition on April 1, 2024.  (Docket No. 47).  Graphic Packaging filed a Reply on April 8, 2024.  (Docket No. 51).

The second is Defendant Greif, Inc.'s ("Greif") Motion for Summary Judgment ("Greif's MSJ"), filed on April 5, 2024.  (Docket No. 49).  Plaintiff filed an Opposition on April 15, 2024.  (Docket No. 57).  Greif filed a Reply on April 22, 2024.  (Docket No. 58).  Plaintiff subsequently filed a Notice of Errata with an updated declaration and exhibits on April 23, 2024.  (Docket No. 60).

The third is Graphic Packaging's Motion for Rule 11 Sanctions (the "Sanctions Motion"), filed on April 5, 2024.  (Docket No. 49).  Plaintiff filed an Opposition on April 15, 2024.  (Docket No. 56).  Graphic Packaging filed a Reply on April 22, 2024.  (Docket No. 59).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

<u>CIVIL MINUTES—GENERAL</u>

**Case No.  CV 22-6945-MWF (MAAx)**            **Date:  August 8, 2024**

Title:       Efren Gutierrez v. Graphic Packaging International, LLC, et al.

The fourth is Plaintiff's Motion for Leave to Amend Complaint (the "Amendment Motion"), filed on April 5, 2024.  (Docket No. 22).  Greif filed an Opposition on April 12, 2024.  (Docket No. 53).  Graphic Packaging filed an Opposition on April 15, 2024.  (Docket No. 55).  No reply was filed.

The motions were noticed to be heard on **May 6, 2024**.  The Court read and considered the papers on the motions and deemed the matter appropriate for decision without oral argument.  *See* Fed. R. Civ. P. 78(b); Local Rule 7-15.  The hearing was therefore **VACATED** and removed from the Court's calendar.

The Court rules as follows:

- Graphic Packaging's MSJ is **GRANTED** because no reasonable jury could find in favor of Plaintiff on any of his employment claims.

- Greif's MSJ is **GRANTED** because there is no evidence of an employment relationship between Plaintiff and Greif.

- The Sanctions Motion is **DENIED** for Graphic Packaging's failure to comply with the 24-day safe harbor after serving Plaintiff by mail.

- The Amendment Motion is **DENIED** for failure to show good cause to modify the scheduling order.

## I.    <u>LOCAL RULES</u>

As an initial matter, Plaintiff contends that the Court should strike Greif's MSJ for failure to comply with Local Rules 6-1, 7-9, 7-13, 11-6.1, 11-6.2, 11-9, and 56-1. (Greif's MSJ Opp. at 5–7).  Plaintiff primarily takes issue with Greif's use of joinder to circumvent the word limit and filing of a proposed Order rather than a proposed Judgment.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 22-6945-MWF (MAAx)          Date:  August 8, 2024**

Title:      Efren Gutierrez v. Graphic Packaging International, LLC, et al.

The Court does not share Plaintiff's view that Greif failed to substantially comply with the Local Rules.  In any event, while the Court takes the Local Rules seriously and has previously denied motions for failure to comply, the Court does not believe there was substantial prejudice to Plaintiff.  Accordingly, the Court will consider the merits of Greif's MSJ.

## II.    **BACKGROUND**

Plaintiff initiated this employment action in Los Angeles Superior Court on August 24, 2022, which Graphic Packaging subsequently removed to this Court.  (*See* Notice of Removal (Docket No. 1)).  In the First Amended Complaint ("FAC"), Plaintiff brings the following ten claims for relief against Graphic Packaging, Greif, and Caraustar Custom Packaging Group, Inc. ("Caraustar"): (1) failure to provide employee file (Cal. Lab. Code § 1198.5); (2) disability discrimination (Cal. Gov. Code § 12940(a)); (3) age discrimination (Cal. Gov. Code § 12940(a)); (4) retaliation (Cal. Gov. Code § 12940(h)); (5) failure to prevent discrimination and retaliation (Cal. Gov. Code § 12940(k)); (6) failure to provide reasonable accommodation (Cal. Gov. Code § 12940(m)); (7) failure to engage in good faith interactive process (Cal. Gov. Code § 12940(n)); (8) retaliation (Cal. Lab. Code §§ 98.6, 1102.5); (9) unfair and unlawful business practices (Cal. Bus. & Prof. Code § 17200); and (10) wrongful termination in violation of public policy.  (Docket No. 12).

The following facts are based on the evidence, as viewed in the light most favorable to Plaintiff as the non-moving party.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (On a motion for summary judgment, "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his[, her, or its] favor.").

Since 1987, Plaintiff worked at the Los Angeles Paperbox facility ("LAPB") in Commerce, California.  (Graphic Packaging's Undisputed Facts ("Graphic Packaging's UF") (Docket No. 51-2) ¶ 9).  Throughout Plaintiff's employment, LAPB was owned by several different entities, including (1) Caraustar, (2) a subsidiary of Greif, and (3) Graphic Packaging.  (*Id.*).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 22-6945-MWF (MAAx)          Date:  August 8, 2024

Title:      Efren Gutierrez v. Graphic Packaging International, LLC, et al.

From August 2015 to November 2018, Plaintiff worked as a pressman.  (*Id.* ¶ 10).  As a pressman, Plaintiff's job duties included, among other things, running the cutter, operating and maintaining the printing presses, pushing two- to three-ton rolls into the machine by hand, and sliding metal cutting plates out of the machine.  (*Id.* ¶ 12).  In order to perform his pressman duties, Plaintiff needed "to be physically able to do the work without any hindrance."  (*Id.* ¶14).

While working as a pressman, Plaintiff sustained a work-related injury in his right shoulder, which gradually worsened over the years.  (*Id.* ¶ 16; Plaintiff's Undisputed Facts ("PUF") (Docket No 51-3) ¶ 2).  Around December 2018, Plaintiff informed Mr. Bronson, a General Manager at Caraustar, that he was not physically able to perform his duties as a press operator.  (PUF ¶¶ 29, 33).  In response, Mr. Bronson suggested that Plaintiff work in a "pre-makeready" position in the die room to perform light duty work.  (*Id.* ¶ 21; *see also* Graphic Packaging's UF ¶ 17).  Plaintiff did not receive any change in his pay when moved from his regular duties as a pressman to the pre-makeready position.  (Graphic Packaging's UF ¶ 56).  At the time, another employee was already working in the die room as a pre-makeready specialist.  (*Id.* ¶ 18).  Because LAPB did not have extra work that required an additional pre-makeready specialist, Plaintiff "had a lot of free time as he was one of two employees performing the same job duties."  (*Id.* ¶¶ 20–21).

In February 2019, Plaintiff's supervisor suggested that Plaintiff return to his role as a pressman.  (*Id.* ¶ 22).  Plaintiff informed his supervisor that it would not be possible to perform the duties of a pressman due to his injury.  (*Id.* ¶ 23).  After this conversation, Plaintiff continued working as a pre-makeready specialist.  (*Id.* ¶ 24).

In early April 2019, Plaintiff's employer again considered having Plaintiff return to his role as a pressman.  (*Id.* ¶ 25).  At the time, however, Plaintiff was still unable to physically perform the duties of a pressman.  (*Id.* ¶ 27).  On April 8, 2019, Plaintiff sought medical treatment for his right shoulder and was provided work restrictions from his doctor prohibiting him from pulling, pushing, or lifting over 40 pounds for two weeks.  (*Id.* ¶ 30).  Plaintiff's employer at the time placed him on an extended leave of absence effective April 9, 2019.  (*Id.* ¶ 59).  Plaintiff acknowledged that he

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 22-6945-MWF (MAAx)              Date:  August 8, 2024
Title:       Efren Gutierrez v. Graphic Packaging International, LLC, et al.

could not return to work form his medical leave of absence until he provided a release
from his doctor.  (*Id.* ¶ 60).

On April 29, 2019, Plaintiff was provided a note from his doctor for "light duty
for the following three weeks."  (*Id.* ¶ 31).  Plaintiff's doctor later determined that
Plaintiff had a period of incapacity from April 29, 2019, to May 20, 2019.  (*Id.* ¶ 32).
Effective May 21, 2019, Plaintiff was further restricted to lifting no more than 10
pounds at or above shoulder level; prohibited from forceful gripping, grasping or
twisting; and limited in his use of his right hand and arm.  (*Id.* ¶¶ 33–34).  By August
28, 2019, Plaintiff was recommended to undergo surgery on his right shoulder.  (*Id.*
¶ 35).

In September 2019, Plaintiff asked Superintendent Carlos Medina and Mr.
Bronson to return to work as a pressman with an assistant or in a different role entirely.
(*Id.* ¶¶ 61–62).  Mr. Medina informed Plaintiff that there was no alternative position
available at LAPB for Plaintiff.  (*Id.* ¶ 63).

By March 2, 2020, Plaintiff was informed that Graphic Packaging would be
acquiring LAPB.  (*Id.* ¶ 67).  At the time, Plaintiff was still on his medical leave of
absence.  (*Id.* ¶ 68).

On March 19, 2020, Daisy Alvarez, LAPB's Human Resources Coordinator,
sent Plaintiff correspondence inquiring about his desire and ability to return to work in
any capacity with or without further accommodations.  (*Id.* ¶ 69).  At that time,
Plaintiff was not cleared to return to work as a pressman and remained on medical
leave.  (*Id.* ¶ 70).  On March 30, 2020, Plaintiff's doctor determined that he was
temporarily totally disabled.  (*Id.* ¶ 36).

On April 1, 2020, upon completion of Graphic Packaging's acquisition of
LAPB, Plaintiff automatically became a Graphic Packaging employee.  (*Id.* ¶¶ 71–72).
Later that month, Graphic Packaging's corporate leadership based in Atlanta, Georgia
decided to permanently close its LAPB operations due to an assessment the plant was

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 22-6945-MWF (MAAx)          Date:  August 8, 2024
Title:      Efren Gutierrez v. Graphic Packaging International, LLC, et al.

not financially viable.  (*Id.* ¶ 74).  Plaintiff understands that, but for the shutdown of
LAPB, Graphic Packaging would not have terminated his employment.  (*Id.* ¶ 88).

On July 8, 2020, Graphic Packaging sent Worker Adjustment and Retraining
Notification Act ("WARN") notices regarding its intent to permanently close LAPB to
a union representing workers at LAPB (the "LAPB Union").  (*Id.* ¶ 75).  The WARN
notices stated that Graphic Packaging anticipated ceasing operations by September 30,
2020.  (*Id.* ¶ 76).

On July 17, 2020, Graphic Packaging executed an agreement with the LAPB
Union (the "Effects Bargaining Agreement") to establish the terms of closure of
LAPB, including severance and benefits to be offered to union employees.  (*Id.* ¶ 78).
The Effects Bargaining Agreement noted that "there are no transfer rights" to other
locations and that Graphic Packaging would "provide information to employees upon
request concerning any open positions at other . . . locations where vacancies exist."
(Effects Bargaining Agreement (Docket No. 45-22) at 4).  The Effects Bargaining
Agreement further provided that "[w]hile Graphic Packaging will ensure those
applying receive special consideration, employees applying must follow the
application / selection process at the respective location(s)."  (*Id.*).

Graphic Packaging subsequently terminated Plaintiff's employment effective
October 2, 2020, and offered him the severance agreed upon with the LAPB Union.
(Graphic Packaging's UF ¶ 87).  Because Plaintiff had been on medical leave since
prior to the acquisition, he never worked at LAPB during his employment with
Graphic Packaging.  (*Id.* ¶ 73).

In September 2020, Plaintiff met with Ms. Alvarez prior to receiving his
severance package.  (*Id.* ¶ 80).  At that time, Plaintiff had still not received medical
clearance to return to work as a pressman.  (*Id.* ¶ 81).  At the meeting, Plaintiff
requested to be "placed on a list" to be considered for open positions in Graphic
Packaging's Irvine plant.  (*Id.* ¶ 85).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 22-6945-MWF (MAAx)          Date:  August 8, 2024**

Title:       Efren Gutierrez v. Graphic Packaging International, LLC, et al.

Plaintiff later learned that Graphic Packaging had hired a handful of employees from LAPB to fill open positions in its Irvine facility.  (*Id.* ¶ 82).  Although Plaintiff had "requested to be placed on a list to be considered for open positions in the Irvine plant" during his meeting with Ms. Alvarez, Plaintiff never applied to work at the Irvine plant.  (*Id.* ¶ 85; *see also* Plaintiff's 12/1/2023 Deposition Tr. (Docket No. 47-4) at 42:7–8).

On January 12, 2021, Graphic Packaging received Plaintiff's request for his personal records via written correspondence from his counsel, dated January 4, 2021.  (Graphic Packaging's UF ¶ 1).  The only identifying information Plaintiff's counsel included in the correspondence was Plaintiff's first and last name and an incomplete social security number.  (*Id.* ¶ 2).  Graphic Packaging attempted to locate Plaintiff in its online system but was unsuccessful.  (*Id.* ¶¶ 3–4).  On January 15, 2021, at approximately 9:00 a.m., Graphic Packaging emailed Plaintiff's counsel, stating that it was unable to locate Plaintiff's file and requesting additional information, such as his date of birth and complete social security number.  (*Id.* ¶ 5).  Eight minutes later, Graphic Packaging received a read receipt verifying that Plaintiff's counsel had read the email.  (*Id.* ¶ 6).  Despite the read receipt, Graphic Packaging never received a response from Plaintiff's counsel.  (*Id.* ¶ 7).

## III.  **SUMMARY JUDGMENT**

Both Graphic Packaging and Greif move for summary judgment on all claims.

In deciding a motion for summary judgment under Rule 56, the Court applies *Anderson*, *Celotex*, and their Ninth Circuit progeny.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).  "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).

The Ninth Circuit has defined the shifting burden of proof governing motions for summary judgment where the non-moving party bears the burden of proof at trial:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 22-6945-MWF (MAAx)           Date:  August 8, 2024**
Title:      Efren Gutierrez v. Graphic Packaging International, LLC, et al.

> The moving party initially bears the burden of proving the absence of a genuine issue of material fact. Where the non-moving party bears the burden of proof at trial, the moving party need only prove that there is an absence of evidence to support the non-moving party's case. Where the moving party meets that burden, the burden then shifts to the non-moving party to designate specific facts demonstrating the existence of genuine issues for trial. This burden is not a light one. The non-moving party must show more than the mere existence of a scintilla of evidence. The non-moving party must do more than show there is some "metaphysical doubt" as to the material facts at issue. In fact, the non-moving party must come forth with evidence from which a jury could reasonably render a verdict in the non-moving party's favor.

*Coomes v. Edmonds Sch. Dist. No. 15*, 816 F.3d 1255, 1259 n.2 (9th Cir. 2016) (quoting *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010)).

"A motion for summary judgment may not be defeated, however, by evidence that is 'merely colorable' or 'is not significantly probative.'" *Anderson*, 477 U.S. at 249–50. "When the party moving for summary judgment would bear the burden of proof at trial, 'it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (quoting *Houghton v. South*, 965 F.2d 1532, 1536 (9th Cir. 1992)).

### A.      **Graphic Packaging's MSJ**

#### 1.  **Failure to Provide Employee File (Cal. Lab. Code § 1198.5)**

Plaintiff first alleges that Graphic Packaging violated California Labor Code section 1198.5 by failing to provide his employee file. Section 1198.5 generally requires employers to make personnel records available for inspection to the current or

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 22-6945-MWF (MAAx)          Date:  August 8, 2024
Title:     Efren Gutierrez v. Graphic Packaging International, LLC, et al.

former employee within thirty calendar days from the date the employer receives a
written request.  Cal. Lab. Code § 1198.5(b)(1).

Graphic Packaging argues that Plaintiff's claim fails as a matter of law because
Graphic Packaging attempted to take reasonable steps to verify Plaintiff's identity as
permitted under section 1198.5(e).  (Graphic Packaging's MSJ at 20–21).  According
to Graphic Packaging, an employer cannot be held liable for an untimely response
caused by the employer's reasonable steps to verify the identity of the employee or for
circumstances rendering it impossible for the employer to timely comply.  (*Id.*).

Section 1198.5(e) provides that "[t]he employer may take reasonable steps to
verify the identity of a current or former employee or his or her authorized
representative."  Cal. Lab. Code § 1198.5(e).  The statute further provides that
"[i]mpossibility of performance, not caused by or resulting from a violation of law,
may be asserted as an affirmative defense by an employer in any action alleging a
violation of this section."  Cal. Lab. Code § 1198.5(m).

Here, there is no dispute that Graphic Packaging received Plaintiff's request for
his personal records on January 12, 2021.  (Graphic Packaging's UF ¶ 1).  There is also
no dispute that Graphic Packaging responded four days later requesting additional
identifying information for Plaintiff or that Plaintiff's counsel never responded.  (*Id.*
¶¶ 5, 7).

Plaintiff suggests that his attorney was not required to respond to the email
because Graphic Packaging should have been able to locate the employee file with just
his full name and the last four digits of his Social Security number.  (Graphic
Packaging's MSJ Opp. at 15).  This argument is inapt, however, because it does not
address whether Graphic Packaging acted reasonably when attempting to **_verify
Plaintiff's identity_**.

In light of the undisputed fact that Graphic Packaging sought to verify Plaintiff's
identity well within the thirty-day deadline but never received a response from
Plaintiff's counsel, no reasonable jury could find that Graphic Packaging acted

CIVIL MINUTES—GENERAL                                                         9

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 22-6945-MWF (MAAx)              Date:  August 8, 2024
Title:      Efren Gutierrez v. Graphic Packaging International, LLC, et al.

unreasonably in failing to provide Plaintiff's personnel file.  *Cf. Harper v. Charter Commc'ns, LLC*, No. 2:19-cv-00902 WBS DMC, 2021 WL 603724, at *20 (E.D. Cal. Feb. 16, 2021) (finding a triable issue because the defendant did not initiate any efforts to verify the plaintiff's identity until after the statutory deadline had already passed); *Liu v. Win Woo Trading, LLC*, 2016 WL 3279466, at *9 (N.D. Cal. June 15, 2016) (declining to find summary judgment because  there was a question of fact "whether Defendants complied with the statute because the May 19, 2014 letter is dated more than 30 days after the [personnel records] request").

Accordingly, Graphic Packaging's MSJ is **GRANTED** with respect to Plaintiff's claim for failure to provide employee file in violation of California Labor Code section 1198.5 (claim 1).

## 2.  FEHA Discrimination and Retaliation (Cal. Gov. Code § 12940(a))

Plaintiff also brings disability discrimination, age discrimination, and retaliation claims under the Fair Employment and Housing Act ("FEHA").  Under FEHA, it is unlawful for an employer "to bar or to discharge [a] person from employment" on the basis of the person's race, gender, and age (among other protected categories).  Cal. Gov. Code § 12940(a).

The three-stage burden shifting test in *McDonnell Douglas v. Green*, 411 U.S. 792 (1973), applies to discrimination claims under FEHA.  *Means v. City & Cnty. of S.F.*, 749 F. Supp. 2d 998, 1004 (N.D. Cal. 2010) (applying *McDonnell Douglas* to FEHA claims); *Guz v. Bechtel Nat'l Inc.*, 24 Cal. 4th 317, 354, 100 Cal. Rptr. 2d 352 (2000) (same).  Under the *McDonnell Douglas* framework, a plaintiff must first establish a prima facie case of discrimination.  *Means*, 749 F. Supp. 2d at 1004.  To make a prima facie case of discrimination under FEHA, a plaintiff must generally show that "(1) he was a member of a protected class, (2) he was qualified for the position he sought or was performing competently in the position he held, (3) he suffered an adverse employment action, such as termination, demotion, or denial of an available job, and (4) some other circumstance suggests discriminatory motive." *Guz*, 24 Cal. 4th at 355 (citation omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 22-6945-MWF (MAAx)          Date:  August 8, 2024
Title:      Efren Gutierrez v. Graphic Packaging International, LLC, et al.

If the plaintiff succeeds in establishing a prima facie case, the burden then shifts to the defendant to assert a legitimate, nondiscriminatory reason for the adverse employment action.  *Means*, 749 F. Supp. 2d at 1004.  Where the defendant carries its burden, the plaintiff must demonstrate that the defendant's stated reasons are merely a pretext for discrimination.  *Id.* at 1005.

The Court addresses each alleged adverse employment action—the demotion to the pre-makeready specialist role and the termination—in turn.

**Demotion**: To prevail on his claims on his alleged demotion, Plaintiff must establish that Graphic Packaging was his employer at the time of the demotion.  *See* Cal. Gov't Code § 12940(a).  Taking Plaintiff's versions of the facts as true, Plaintiff was "demoted" to a pre-makeready position in late 2018.  (PUF ¶ 3).  However, it is undisputed that Plaintiff became a Graphic Packaging employee only after Graphic Packaging acquired LAPB in April 2020.  (Graphic Packaging's UF ¶¶ 71–72).  Because Plaintiff had been on medical leave prior to and after the acquisition, he did not work at LAPB at any point during his Graphic Packaging employment.  (*Id.* ¶ 73).  It therefore follows that Graphic Packaging cannot be held liable for the alleged demotion.

**Termination**: With respect to Plaintiff's termination, the Court concludes that, even assuming that Plaintiff is able to establish a prima facie case, Graphic Packaging has articulated a legitimate, non-discriminatory reason: the decision to permanently shut down LAPB.  Indeed, as one court noted, "California law is well-settled that reductions in force constitute good cause for termination."  *Mendlovitz v. Raytheon Co.*, No. CV 17-07295-SVW (SSx), 2018 WL 6051539, at *6 (C.D. Cal. May 9, 2018) (collecting cases).

Because Graphic Packaging has articulated a legitimate business reason for the termination, the burden shifts to Plaintiff to "offer evidence that the employer's stated reason is either false or pretextual, or evidence that the employer acted with discriminatory animus, or evidence of each which would permit a reasonable trier of fact to conclude the employer intentionally discriminated."  *Sandell v. Taylor-Listug,*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 22-6945-MWF (MAAx)**          **Date:  August 8, 2024**
Title:      Efren Gutierrez v. Graphic Packaging International, LLC, et al.

*Inc.*, 188 Cal. App. 4th 297, 314, 115 Cal. Rptr. 3d 453 (2010) (citations omitted).
However, Plaintiff is silent on the issue of pretext and does not challenge the Graphic
Packaging's proffered reason for terminating Plaintiff.  (*See generally* Graphic
Packaging's MSJ Opp.).  In fact, Plaintiff does not dispute that "but for the LAPB
shutdown, [Graphic Packaging] would not have terminated his employment."
(Graphic Packaging's UF ¶ 88).

    Based on the Court's own review of the record, nothing suggests that Graphic
Packaging's proffered reason for the termination is mere pretext.  Plaintiff agrees that
no one at LAPB ever made comments to Plaintiff about his disability or about his age.
(*Id.* ¶¶ 95–99).  To the extent that Plaintiff relies on the fact that Graphic Packaging
never considered him for an open position in its Irvine facility, Plaintiff concedes that
he never applied for such a position.  (*See* Plaintiff's 12/1/2023 Deposition Tr. at 42:7–
8).  To the extent Plaintiff contends that another, more junior employee received
accommodations for his disability, Plaintiff's declaration is contradicted by his own
deposition testimony, in which he admitted that he had no personal knowledge of
whether the younger employee received an accommodation or had a disability.
(*Compare* Declaration of Efren Gutierrez (Docket No. 47-4) ¶ 12 *with* Plaintiff's
8/2/2023 Deposition Tr. (Docket No. 45-17) at 272:19–272:20).

    Accordingly, Graphic Packaging's MSJ is **GRANTED** with respect to
Plaintiff's FEHA claims (claims 2–4).

### 3.  Labor Code Retaliation (Cal. Lab. Code §§ 98.6, 1102.5)

    Plaintiff also seeks to bring a retaliation claim under California Labor Code
sections 98.6 and 1102.5.  Plaintiff alleges that he engaged in protected activity when
requesting reasonable accommodations for his disability, requesting his employer to
initiate a worker's compensation claim on his behalf, and complaining about disparate
treatment.  (FAC ¶ 158).

    "Labor Code § 1102.5 is a whistleblower statute.  Its purpose is to encourage
workplace whistleblowers to report unlawful acts without fearing retaliation."  *Hollie*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 22-6945-MWF (MAAx)                Date:  August 8, 2024
Title:       Efren Gutierrez v. Graphic Packaging International, LLC, et al.

*v. Concentra Health Servs., Inc.*, No. C 10-5197 PJH, 2012 WL 993522, at *5 (N.D. Cal. Mar. 23, 2012).  "Labor Code § 98.6 prohibits discharge or discrimination against an employee or an applicant for employment 'because the employee or applicant engaged in any conduct delineated in' . . . Chapter 5 of Part 3 of Division 2 of the Labor Code," which includes Section 1102.5.  *Id.*; *see also id.* at *6 ("Under § 98.6, employers may not discharge or discriminate against an employee . . . for whistleblowing . . . .").

Claims brought under section 1102.5 follow a two-step burden-shifting process prescribed by section 1102.6.  *See Lawson v. PPG Architectural Finishes, Inc.*, 12 Cal. 5th 703, 718, 289 Cal. Rptr. 3d 572 (2022).  First, plaintiff must establish, by a preponderance of the evidence, that retaliation for an employee's protected activities was a contributing factor in a contested employment action.  *Id*.  Second, and only if Plaintiff has made the required showing, the burden shifts to the employer to demonstrate, by clear and convincing evidence, that it would have taken the action in question for legitimate, independent reasons even had the plaintiff not engaged in protected activity.  *Id*.

The Court concludes that Plaintiff has not met his burden of showing that Graphic Packaging retaliated against him based on his participation in protected activity.  As already discussed, Plaintiff's "demotion" occurred before Graphic Packaging became his employer.  Plaintiff's termination was also based on Graphic Packaging's decision to shut down LAPB rather than his participation in any protected activity.

Accordingly, Graphic Packaging's MSJ is **GRANTED** with respect to Plaintiff's retaliation claim under California Labor Code sections 98.6 and 1102.5 (claim 9).

### 4.  Failure to Accommodate (Cal. Gov. Code § 12940)

Plaintiff also seeks hold Graphic Packaging liable for failure to provide reasonable accommodations.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 22-6945-MWF (MAAx)           Date:  August 8, 2024
Title:      Efren Gutierrez v. Graphic Packaging International, LLC, et al.

Under FEHA, an employer must "make reasonable accommodation for the known physical or mental disability of an applicant or employee."  Cal. Gov. Code § 12940(m).  To establish a prima facie claim for failure to accommodate, Plaintiff must prove that: (1) he suffers from a disability; (2) he can perform the essential functions of the position to which reassignment is sought, with or without reasonable accommodation; and (3) Graphic Packaging failed to reasonably accommodate his disability.  *See Jensen v. Wells Fargo Bank*, 85 Cal. App. 4th 245, 256, 102 Cal. Rptr. 2d 55 (2000); *Samper v. Providence St. Vincent Med. Ctr.*, 675 F.3d 1233, 1237 (9th Cir. 2012).

Plaintiff argues that Graphic Packaging failed to provide reasonable accommodations by refusing to provide an assistant to help with heavy lifting (as requested by Plaintiff) and, instead, offering only light duty and medical leave. (Graphic Packaging's MSJ Opp. at 13).  According to Plaintiff, Graphic Packaging's "decision to simply place Plaintiff on involuntary medical leave for years until he [could come] back without any restrictions whatsoever cannot be considered an 'accommodation.'"  (*Id.* at 14).

However, nothing "require[s] an employer to exempt an employee from performing essential functions or to reallocate essential functions to other employees." *Dark v. Curry Cnty.*, 451 F.3d 1078, 1089 (9th Cir. 2006).  It is undisputed that Plaintiff's job duties as a pressman included "constantly using the right shoulder and elbow, raising both shoulders overhead with every roll change" and "frequently lifting, pushing, pulling[,] and carrying papers weighing 10 to 15 pounds, rolls of paper weighing one and a half tons, and a die machine weighing 200 to 300 pounds." (Graphic Packaging's UF ¶ 12).  Accordingly, Graphic Packaging was not required to comply with Plaintiff's request to reallocate all heavy lifting to an assistant.

Moreover, contrary to Plaintiff's assertion, the undisputed facts show that Graphic Packaging **did** provide reasonable accommodations in light of Plaintiff's disability by allowing him to stay on medical leave until it ultimately decide to shut down LAPB.  The parties do not dispute that Plaintiff was unable to perform the essential duties as a pressman from December 2018 (prior to Graphic Packaging's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 22-6945-MWF (MAAx)              Date:  August 8, 2024
Title:      Efren Gutierrez v. Graphic Packaging International, LLC, et al.

acquisition) to October 2022 (after Graphic Packaging closed down LAPB).  (*See id.*
¶ 36, 39–41, 43, 45, 45, 46–52).

        To the extent Plaintiff believes that his medical leave should have continued
even after Graphic Packaging closed LAPB, such a request is unreasonable as a matter
of law.  *See Hanson v. Lucky Stores, Inc.*, 74 Cal. App. 4th 215, 226–27, 87 Cal. Rptr.
2d 487 (1999) ("Reasonable accommodation does not require the employer to wait
indefinitely for an employee's medical condition to be corrected[.]" (citation omitted)).
This is especially true given that Plaintiff was unable to perform the essential
responsibilities of a pressman until October 2022—nearly two years **after** the closure
of LAPB. And to the extent Plaintiff takes issue with his placement as a pre-makeready
specialist from December 2018 to April 2019 or any other alleged misconduct that
occurred prior to April 1, 2020, these events occurred prior to Graphic Packaging's
employment of Plaintiff.  (*See, e.g.*, *id.* ¶¶ 17, 23, 24).

        Accordingly, Graphic Packaging's MSJ is **GRANTED** with respect to the
failure to provide reasonable accommodations claim (claim 6).

## 5.  Failure Engage in Interactive Process (Cal. Gov. Code § 12940)

        Plaintiff also brings a claim for failure to engage in the interactive process.

        FEHA requires an employer to "engage in a timely, good faith, interactive
process with the employee . . . to determine effective reasonable accommodations" for
his disability.  Cal. Gov. Code § 12940(n).  "To prevail on a claim for failure to engage
in the interactive process [under FEHA], the employee must identify a reasonable
accommodation that would have been available at the time the interactive process
occurred."  *Nealy v. City of Santa Monica*, 234 Cal. App. 4th 359, 379, 184 Cal. Rptr.
3d 9 (2015) (citations omitted).  "[T]he employee should be able to identify specific,
available reasonable accommodations through the litigation process, and particularly
by the time the parties have conducted discovery and reached the summary judgment
stage."  *Id.* (citations omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** **CV 22-6945-MWF (MAAx)**          **Date:  August 8, 2024**
Title:     Efren Gutierrez v. Graphic Packaging International, LLC, et al.

Again, Plaintiff appears to argue that Graphic Packaging should have allowed
Plaintiff to return as a pressman by providing an assistant to help him with heavy
lifting.  (Graphic Packaging's MSJ Opp. at 13–14).  As already discussed, however,
nothing required Graphic Packaging to exempt him "from performing essential
functions or to reallocate essential functions to other employees."  *Dark*, 451 F.3d at
1089.

Accordingly, Graphic Packaging's MSJ is **GRANTED** with respect to
Plaintiff's claim for failure to engage in the interactive process (claim 7).

### 6.  Remaining Claims

Finally, Plaintiff brings various claims for failure to prevent discrimination and
retaliation in violation of California Government Code section 12940(k), unfair and
unlawful business practices in violation of California Business & Professions Code
section 17200, and wrongful termination in violation of public policy.  These claims
are derivative of Plaintiff's claims of discrimination, retaliation, failure to
accommodate, failure to engage in the interactive process, and failure to provide his
employee file, and therefore necessarily fail for the reasons already stated.  (*See*
Graphic Packaging's MSJ Opp. at 14).

Accordingly, Graphic Packaging's MSJ is **GRANTED** with respect to
Plaintiff's remaining claims (claims 5, 9, 10).  Because there is no dispute of fact with
respect to any claim, Plaintiff's request for punitive damages necessarily fails as a
matter of law.

### B.    Greif's MSJ

Greif contends that the Court should grant summary judgment in its favor with
respect to all claims because, among other things, there is no evidence that it ever
employed Plaintiff.  (Greif's MSJ at 1–2, 5).  Greif asserts that it is "merely a holding
company with no employees of its own and no payroll," and that its only relationship
with Plaintiff is through its subsidiary, Caraustar.  (*Id.* at 2–3; *see also* Greif's

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** **CV 22-6945-MWF (MAAx)**          **Date:  August 8, 2024**

Title:      Efren Gutierrez v. Graphic Packaging International, LLC, et al.

Undisputed Facts ("Greif's UF") (Docket No. 58-1) ¶¶ 1, 4).  In so arguing, Greif points to Plaintiff's paystubs, which were issued by Caraustar.  (Declaration of Brian Hamilton ("Hamilton Decl.") (Docket No. 49-3) ¶ 8, Ex. A).  Greif also relies on a declaration submitted by Brian Hamilton, Greif's Vice President of Global HR Operations.  (*Id.* ¶¶ 2, 4).  The declaration explains that, on February 11, 2019, Greif's subsidiary completed a merger and acquisition of Caraustar, which was later sold to Graphic Packaging on April 1, 2020.  (*Id.* ¶¶ 5–6).

To prevail on his claims, Plaintiff must establish that Greif was his employer.  *See, e.g.*, Cal. Gov't Code § 12940.  Based on the allegations in the FAC, it appears that Plaintiff intends to hold Greif liable based on its status as parent company of the entity who owned LAPB prior to Graphic Packaging's acquisition in April 2020.  (FAC ¶¶ 6, 13; *see also* Graphic Packaging's UF ¶ 9 (admitting that LAPB was owned by "subsidiary of Greif")).

"An employee who seeks to hold a parent corporation liable for the acts or omissions of its subsidiary on the theory that the two corporate entities constitute a single employer has a heavy burden to meet under both California and federal law."  *Laird v. Cap. Cities/ABC, Inc*., 68 Cal. App. 4th 727, 737, 80 Cal. Rptr. 2d 454 (1998), *overruled on other grounds by Reid v. Google*, 50 Cal. 4th 512, 113 Cal. Rptr. 3d 327 (2010).  "Corporate entities are presumed to have separate existences, and the corporate form will be disregarded only when the ends of justice require this result."  *Id*.  "[T]here is a strong presumption that a parent company is not the employer of its subsidiary's employees."  *Id*.

California applies the federal "integrated enterprise" test to determine whether two corporations should be considered a single employer.  *Id*.  The test has four factors: (1) interrelation of operations; (2) common management; (3) centralized control of labor relations; and (4) common ownership or financial control.  *Id*.  Under the test, "common ownership or control alone is never enough to establish parent liability," and centralized control of labor relations is considered the most important factor, which requires the plaintiff to show that the parent company controls "the day-to-day employment decisions of the subsidiary."  *Id*. at 738.  "To make a sufficient

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 22-6945-MWF (MAAx)          Date:  August 8, 2024

Title:      Efren Gutierrez v. Graphic Packaging International, LLC, et al.

showing of 'interrelation of operations' on summary judgment, the plaintiff . . . must show . . . that the parent has exercised control 'to a degree that exceeds the control normally exercised by a parent corporation.'"  *Id.* (citation omitted).

In arguing that there is a dispute of fact as to whether Greif was his employer, Plaintiff raises three main arguments, none of which the Court finds persuasive:

First, Plaintiff argues that "Greif has failed to offer any answer or interrogatories to support his [*sic*] claim of a complete failure of proof."  (Greif's MSJ Opp. at 9).  Not so.  The arguments and evidence presented by Greif are sufficient to shift the burden to Plaintiff, who ultimately bears the burden of proof at trial.  *See Ramsey v. Amway Corp.*, No. SACV 18-1870 JVS (ADSx), 2019 WL 6139924, *4 (C.D. Cal. Sept. 9, 2019) (shifting the burden to the plaintiff after the defendant offered evidence that the plaintiff's paystubs and tax forms identified the defendant's subsidiary as his employer and that the plaintiff's supervisors were employees of the subsidiary), *aff'd*, 859 F. App'x 825 (9th Cir. 2021).

Second, Plaintiff disputes Greif's assertion that it has no employees by pointing to its employment of Mr. Hamilton and the "hundreds" of available job openings on Greif's website.  (*See* Greif's UF ¶ 1).  However, even assuming that Greif's website was admissible under the hearsay rules, the fact that Greif (and/or its many subsidiaries) has job openings currently is irrelevant to the question of whether Greif employed ***Plaintiff*** during the relevant time period under the integrated enterprise test.

Third, Plaintiff argues that he has presented sufficient evidence of an employment relationship to create a triable issue of fact.  In so arguing, Plaintiff points to the following pieces of evidence: (1) a letter addressed to Plaintiff's former coworker, Carlos Ruiz, addressing employees as "Greif Colleagues" (Docket No. 90 at 37); (2) a letter that Plaintiff received from an HR coordinator with Greif's letterhead (Docket No. 90 at 40); and (3) documents Plaintiff received from Greif regarding his retirement plan (Docket No. 90 at 8–33).  (*See* Greif's UF ¶ 6).  However, none of these documents shows that Greif exercised control over Caraustar's day-to-day operations.  Courts in this Circuit have consistently held as much on summary

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 22-6945-MWF (MAAx)          Date:  August 8, 2024**

Title:      Efren Gutierrez v. Graphic Packaging International, LLC, et al.

judgment.  *See Ramsey*, 2019 WL 6139924, *5 (finding summary judgment in favor of
the parent company because evidence of its "human resource guidance, direction, and
support to" the subsidiary and "provision of benefits, [the plaintiff's] employee file,
and disability leave" were insufficient to establish day-to-day control); *Maddock v. KB
Homes, Inc.*, 631 F. Supp. 2d 1226, 1241-42 (C.D. Cal. 2007) ("[E]vidence that [the
parent company] provided training materials to sales agents such as plaintiff does not
establish that [the parent company] controlled [the subsidiary's] personnel decisions.").

Accordingly, Greif's MSJ is **GRANTED**.

## IV.   **SANCTIONS MOTION**

Graphic Packaging also moves for sanctions under Rule 11, arguing that
Plaintiff's counsel filed this action without any evidentiary support for the claims
asserted.  (Sanctions Motion at 2).  In the Sanctions Motions, Graphic Packaging
requests the Court to award monetary sanctions against Plaintiff's counsel, Gavril T.
Gabriel, and his firm in the amount of $10,588.00, and dismiss Plaintiff's claims in
their entirety with prejudice.

"Rule 11 is intended to deter baseless filings in district court and imposes a duty
of 'reasonable inquiry' so that anything filed with the court is 'well grounded in fact,
legally tenable, and not interposed for any improper purpose.'"  *Islamic Shura Council
of S. Cal. v. F.B.I.*, 757 F.3d 870, 872 (9th Cir. 2014) (citing *Cooter & Gell v.
Hartmarx Corp.*, 496 U.S. 384, 393 (1990)).  A district court may impose Rule 11
sanctions in two scenarios: (1) if the paper filed is "frivolous," or (2) it was filed for an
improper purpose.  Fed. R. Civ. P. 11(b)(1)–(2).  "Rule 11 is an extraordinary remedy,
one to be exercised with extreme caution" and "reserve [d] . . . for the rare and
exceptional case where the action is clearly frivolous, legally unreasonable or without
legal foundation, or brought for an improper purpose.").  *Operating Eng'rs Pension Tr.
v. A-C Co.*, 859 F.2d 1336, 1344–145 (9th Cir. 1988).

As a threshold matter, a party seeking sanctions must satisfy the Rule 5
requirements when serving the opposing party with a motion for sanctions.  *See* Fed. R.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 22-6945-MWF (MAAx)          Date:  August 8, 2024
Title:      Efren Gutierrez v. Graphic Packaging International, LLC, et al.

Civ. P. 11(c)(2). When properly served, the opposing party has twenty-one days to withdraw or correct its papers without penalty. Fed. R. Civ. P. 11(c)(2).  If the moving party serves the opposing party by mail, "3 days are added after the period would otherwise expire." Fed. R. Civ. P. 6(d).  "In other words, when a party moving for sanctions serves the opposing party through mail, it must wait a total of twenty-four days before filing its motion for sanctions with the court."  *Lee v. POW! Enter., Inc.*, No. CV 19-08353-ODW (FFMx), 2020 WL 1288481, at *3 (C.D. Cal. Mar. 18, 2020).

Here, Graphic Packaging concedes that it filed the Sanctions Motion on the 22nd day after serving Plaintiff's counsel via mail. (Sanctions Reply at 4).  Although there is no evidence suggesting that the error was in bad faith, the Court declines to impose sanctions based on Graphic Packaging's failure to strictly adhere to the 24-day safe harbor when serving an opposing party by mail.  *See Lee*, 2020 WL 1288481, at *3 (denying motion for sanctions for failure to abide by the 24-day safe harbor); *see also Yagman v. Garcetti*, No. CV 14-5963-GHK (Ex), 2015 WL 13374015, at * (C.D. Cal. Feb. 18, 2015) (same).

In response, Graphic Packaging argues that the technical violation did not cause Plaintiff to suffer any prejudice.  (Sanctions Reply at 2, 4).  But this argument misses the mark given that the Ninth Circuit has held that "[a] motion for sanctions may not be filed . . . unless there is ***strict compliance*** with Rule 11's safe harbor provision." *Islamic Shura Council of S. Cal. v. F.B.I.*, 757 F.3d 870, 872 (9th Cir. 2014) (emphasis added).

Accordingly, the Sanctions Motion is **DENIED**.

## V.    **AMENDMENT MOTION**

Finally, Plaintiff seeks to add "GREIF PACKAGING LLC" as a Defendant to this action.  (Amendment Motion at 2).  According to Plaintiff, "[d]ocuments found in Plaintiff's possession in preparation for Plaintiff's deposition by Greif, Inc. on March 8, 2024 show that GREIF PACKAGING LLC provided Plaintiff with a retirement plan."  (*Id.* at 3).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 22-6945-MWF (MAAx)              Date:  August 8, 2024
Title:       Efren Gutierrez v. Graphic Packaging International, LLC, et al.

Rule 16(b) controls a party's ability to amend the pleadings where, such as here, the scheduling order's deadline has expired before the party seeks leave to amend. Fed. R. Civ. P. 16(b).  This procedural posture requires a party to first move to amend the scheduling order before it will be permitted to amend its pleadings.  *Primerica Life Ins. Co. v. Rodriguez*, No. CV 11-7074-CAS (PLAx), 2012 WL 893486, at *1 (C.D. Cal. Mar. 14, 2012) ("[O]nce the scheduling order is in place, the court must modify the scheduling order to permit an amendment." (citations omitted)).

Pursuant to Rule 16, a scheduling order "may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  The Rule 16 "good cause" standard "primarily considers the diligence of the party seeking the amendment." *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000); *see also Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) ("Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment.").  "A party, however, cannot show good cause if the party 'knew or should have known of the grounds for the claims the party sought to add well before the party moved for leave to amend.'"  *RePET, Inc. v. Zhao*, No. EDCV 15-2315-VAP (SPx), 2017 WL 11444648, at *2 (C.D. Cal. Jan. 13, 2017) (citations omitted).

Here, the Amendment Motion does not specifically request modification of the Court's scheduling order.  In fact, Plaintiff mischaracterizes the Amendment Motion as timely even though the deadline to add parties and amend pleadings was on March 27, 2023.  (*See* Order Re: Jury Trial (Docket No. 16) at 2; *see also* Amendment Motion at 4–5).  Plaintiff's failure to seek modification of the Order Re: Jury Trial is sufficient reason to deny the Amendment Motion.  *See Johnson*, 975 F.2d at 608–09 (noting that courts may deny an untimely motion to amend solely based on the movant's failure to specifically request modification of the scheduling order).

Even if Plaintiff brought the Amendment Motion under Rule 16, the Court concludes that Plaintiff has failed to demonstrate good cause to justify modification of the scheduling order at this late stage of litigation.  Based on Plaintiff's own

_____
**CIVIL MINUTES—GENERAL**                                              **21**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 22-6945-MWF (MAAx)**          **Date:  August 8, 2024**
Title:      Efren Gutierrez v. Graphic Packaging International, LLC, et al.

representations, the sole document that reveals GREIF PACKAGING LLC's identity
was in Plaintiff's possession.  Plaintiff provides no explanation why this document was
not located earlier.  *See Johnson*, 975 F.2d at 609 ("[C]arelessness is not compatible
with a finding of diligence and offers no reason for a grant of relief.").  The Court is
therefore not convinced that Plaintiff acted diligently to discover the identity of the
proposed additional party prior to the deadline provided in the Order Re: Jury Trial,
which passed ***over a year*** prior to the filing of the Amendment Motion.

Accordingly, the Amendment Motion is **DENIED**.

**VI.   CONCLUSION**

For the foregoing reasons, the Court rules as follows:

- Graphic Packaging's MSJ is **GRANTED**.

- Greif's MSJ is **GRANTED**.

- The Sanctions Motion is **DENIED**.

- The Amendment Motion is **DENIED**.

Further, Plaintiff is **ORDERED** to show cause in writing, no later than
**September 5, 2024**, why this action should not be dismissed for failure to state a claim
for relief under Federal Rule 12(b)(6) and/or failure to prosecute under Federal Rule
41(b).  Failure to respond by the deadline will result in dismissal of the remaining
Defendant and judgment will be entered accordingly.  *See Reed v. Lieurance*, 863 F.3d
1196, 1207 (9th Cir. 2017) ("A trial court may dismiss a claim sua sponte under Rule
12(b)(6)[.]" (citations omitted)); *see also Link v. Wabash R. Co.*, 370 U.S. 626, 633
(1962) ("[A] District Court may dismiss a complaint for failure to prosecute[.]").

IT IS SO ORDERED.

---