UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. CV 22-06945-MWF (MAAx) | Date: August 6, 2025 |

Title: Efren Gutierrez v. Graphic Packaging International, LLC et al.

Present: The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

Deputy Clerk:
Rita Sanchez

Court Reporter:
Not Reported

Attorneys Present for Plaintiff:
None Present

Attorneys Present for Defendant:
None Present

**Proceedings (In Chambers):** ORDER DENYING MOTION FOR ATTORNEYS' FEES [81]

Before the Court is the Motion for Attorneys' Fees (the "Motion") filed by Defendant Graphic Packaging International, LLC ("GPI") on June 30, 2025. (Docket No. 81). Plaintiff Efren Gutierrez filed an Opposition on July 16, 2025. (Docket No. 90). GPI filed a Reply on July 21, 2025. (Docket No. 91).

The Court has considered the papers filed on the Motion and held a hearing on **August 4, 2025**.

The Motion is **DENIED**. GPI has a high bar to clear to prove entitlement to attorneys' fees. Although the Court granted summary judgment, the Court did not do so because Plaintiff's position was frivolous. Requiring a Fair Employment and Housing Act ("FEHA") Plaintiff to pay nearly $200,000 in attorneys' fees would also have the predictable effect of chilling other such cases.

I.   **BACKGROUND**

The parties are by now quite familiar with the factual background of this action, which is largely set forth in the Court's Order re: Defendants' Motions for Summary Judgment (the "Prior Order") (Docket No. 64). Therefore, the Court will not repeat all of those facts here but incorporates by reference the factual background from the Prior Order.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No. CV 22-06945-MWF (MAAx)**                              **Date:  August 6, 2025**
Title:  Efren Gutierrez v. Graphic Packaging International, LLC et al.

In the Prior Order, the Court granted summary judgment in favor of GPI and dismissed each of Plaintiff's causes of action against it.  (*See generally* Prior Order). Plaintiff's cause of action for GPI's alleged failure to provide him his employee file failed because GPI attempted to verify Plaintiff's identity to do so, but Plaintiff's counsel did not respond.  (*Id.* at 8-10).  Plaintiff causes of action for disability discrimination, age discrimination, and retaliation under FEHA and California Labor Code section 98.6 and 1102.5 failed because Plaintiff's demotion did not occur while he worked for GPI and that the closure of the Los Angeles Paperbox facility constituted a legitimate, non-discriminatory reason for his termination.  (*Id.* at 10-13). Plaintiff's failure to accommodate claim failed because GPI was not required to exempt Plaintiff from essential functions of his position.  (*Id.* at 13-16).  Plaintiff's remaining claims against GPI were dismissed for being derivative of the above failed claims.  (*Id.* at 16).

The Court entered judgment in this action on June 16, 2025.  (Docket No. 74). GPI now brings the Motion, arguing that Plaintiff's claims were knowingly frivolous and ungrounded when brought, because Plaintiff was always aware that he could not fulfill the essential functions of the pressman position; that his text messages show his knowledge that LAPB would be imminently closing; and that he possessed termination and severance paperwork before filing this action which informed him that all LAPB employees were being terminated.  (Motion at 5).

On the basis of these arguments, GPI seeks the attorneys' fees it has incurred in this action, which it values at $177,256.96 (after applying a discount).  (*Id.* at 15).

## II.   LEGAL STANDARD

A court may award attorneys' fees to the prevailing party when authorized by contract or statute.  *United States v. Standard Oil Co. of Cal.*, 603 F.2d 100, 103 (9th Cir. 1979).  FEHA provides that:

> In civil actions brought under this section, the court, in its discretion, may award to the prevailing party, including the department, reasonable attorney's fees and costs, including expert witness fees, except that,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 22-06945-MWF (MAAx)**                                     **Date:  August 6, 2025**

**Title:  Efren Gutierrez v. Graphic Packaging International, LLC et al.**

> notwithstanding Section 998 of the Code of Civil Procedure, a prevailing defendant shall not be awarded fees and costs unless the court finds the action was frivolous, unreasonable, or groundless when brought, or the plaintiff continued to litigate after it clearly became so.

Cal. Gov't Code § 12965(c)(6).

### III.  DISCUSSION

The fundamental dispute in this matter concerns if Plaintiff or his counsel ever had knowledge that his claims were "frivolous, unreasonable, or groundless" either when brought or at some other time during litigation of this action.  GPI spends only five pages of the Motion on attempting to establish the premise that the claims were frivolous, unreasonable, or groundless.  (Motion at 7-12).  The first of these pages concerns the fact that Plaintiff did not dismiss his case when presented with meet and confer letters from GPI's counsel in advance of summary judgment (*id.* at 7), but whether this is at all relevant assumes the underlying premise that the claims were frivolous when brought.

"In determining whether a claim is frivolous, unreasonable, or without foundation, courts typically consider whether the claim has 'some basis in fact.'" *Trenier v. Host Int'l, Inc.*, No. CV 13-07008-BRO (JEMx), 2014 WL 12703681, at *4 (C.D. Cal. Oct. 8, 2014) (quoting *Cummings v. Benco Bldg. Servs.*, 11 Cal. App. 4th 1383, 1389 (1992)).  "Thus, to demonstrate that his claim was not frivolous, unreasonable, or without foundation, [a] [p]laintiff merely must demonstrate that he presented *some evidence* that supports his claim."  *Id.* (emphasis in original).  "That 'the plaintiff ultimately lost' is not reason enough."  *Drumm v. Morningstar, Inc.*, 695 F. Supp. 2d 1014, 1018 (N.D. Cal. 2010) (quoting *Bond v. Pulsar Video Prods.*, 50 Cal. App. 4th 918, 922, 57 Cal. Rptr. 2d 917 (1996)).

In some vague sense, it could be said that a plaintiff failing on summary judgment has failed to present "some evidence" in support of his claim, but such an argument would be incorrect.  In view of the above authorities, the award of attorneys'

---

**CIVIL MINUTES—GENERAL**                                                                                     3

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 22-06945-MWF (MAAx)            Date: August 6, 2025
Title: Efren Gutierrez v. Graphic Packaging International, LLC et al.

fees under California Government Code § 12965(c)(6) is to be ***unusual***, and a rule standing for the idea that a defendant could recover attorneys' fees merely by winning at summary judgment would be inconsistent with that idea. Put another way, while a plaintiff may not have provided ***sufficient*** evidence to create a genuine dispute of material fact, they will likely in the run-of-the-mill case have provided ***some*** evidence in support of their claims.

     That is the case here. This finding causes the Court to revisit the Prior Order, the central findings of which are described above. As to Plaintiff's causes of action for age discrimination, disability discrimination, and failure to engage in the interactive process, GPI argues that Plaintiff was always aware that his position was physically demanding, that he could not perform the essential functions of the position in his physical condition, and that GPI gave him reasonable accommodations. (Motion at 8-9). But under the articulated standard—that Plaintiff need only have provided "some evidence" to support his claims—this is not enough. Of course, the Court found GPI's arguments persuasive on summary judgment, and the case was not sufficiently strong for the matter to be brought to trial. But Plaintiff also clearly presented at least "some evidence" in support of his claims. For instance, Plaintiff presented his deposition testimony and declaration to argue that he could have performed the pressman duties with the aid of an assistant to perform the heavy lifting tasks. (*See, e.g.*, Plaintiff's Response to Defendants' Separate Statement of Undisputed Material Facts (Docket No. 47-3) ¶ 52).

     That summary judgment was granted is indicative of the fact that the Court interpreted tasks like heavy lifting to be essential functions of Plaintiff's position as a legal matter, but it was not frivolous for Plaintiff to assert that he could continue to perform his tasks with what he viewed as a reasonable accommodation. The Court is concerned that GPI's argument to the contrary, that existing law does not support Plaintiff's requested accommodation and therefore Plaintiff's claim was frivolous, would lead (1) to the regular award of attorneys' fees in FEHA cases centering on legal, rather than factual, disputes; and (2) to the sclerotic development of the law under FEHA, because potential plaintiffs would be disincentivized from attempting to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. CV 22-06945-MWF (MAAx) | Date: August 6, 2025 |
| Title: Efren Gutierrez v. Graphic Packaging International, LLC et al. | |

bring legitimate actions to change the law, on pain of personal bankruptcy (or the bankruptcy of plaintiff-side firms).

Regarding GPI's argument that the Prior Order reflects Plaintiff's admission that he was not discriminated against, the Court disagrees. First, the evidence cited by GPI was not relied on by the Court in the Prior Order. Second, it appears that the evidence suggests that Plaintiff was not the recipient of messages or gestures about his disability, and that he understood he would not have been terminated but for the LAPB closure.

As a litigation position, this is weak—that is why summary judgment was granted. (Prior Order at 12). However, the Court does not view this and the other cited evidence as a constructive "admission" that Plaintiff never experienced discrimination, such that Plaintiff had a subjective view that his case was meritless. Rather, this is a case in which Plaintiff suspected that he was ultimately treated worse than he otherwise would have been had he not been younger or had he not been disabled. Indeed, in his Opposition to GPI's Motion for Summary Judgment, Plaintiff made just such an argument, claiming that a younger employee, Vincent Guzman, also needed accommodations and was treated more favorably by GPI. (Opposition to GPI's Motion for Summary Judgment (Docket No. 47) at 9). As supporting evidence for these claims, Plaintiff submitted a Declaration. (Declaration of Efren Gutierrez (Docket No. 47-4, Ex. A). GPI may argue that the Declaration is self-serving, but it nonetheless is to be considered on a motion for summary judgment, absent the application of some other doctrine, like the sham affidavit doctrine, as discussed below. *See Yeager v. Bowlin*, 693 F.3d 1076, 1080 (9th Cir. 2012) ("This sham affidavit rule prevents 'a party who has been examined at length on deposition' from 'rais[ing] an issue of fact simply by submitting an affidavit contradicting his own prior testimony,' which 'would greatly diminish the utility of summary judgment as a procedure for screening out sham issues of fact.'") (quoting *Kennedy v. Allied Mut. Ins. Co.*, 952 F.2d 262, 266 (9th Cir. 1991)). GPI did not raise the sham affidavit doctrine in its Reply in Support of the Motion for Summary Judgment, and the Court therefore cannot escape that Plaintiff presented "some evidence" in support of his position, even if that evidence was insufficient to create a triable issue.

| | |
|---|---|
| **CIVIL MINUTES—GENERAL** | **5** |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 22-06945-MWF (MAAx)Date:  August 6, 2025
Title:  Efren Gutierrez v. Graphic Packaging International, LLC et al.

GPI also argues that the derivative claims were frivolous because they failed for the same reasons as the above claims.  (Motion at 10).  Therefore, for the same reasons, GPI's argument unpersuasive.

GPI's final argument is that Plaintiff's Declaration in Opposition to the Motion for Summary Judgment is "evidence Plaintiff was aware his claims lacked merit."  (*Id.* at 10 (cleaned up)).  GPI points to three claimed contradictions between Plaintiff's Declaration and his prior deposition testimony, described below.  As an initial matter, the Court notes again that GPI did not litigate any of this in the briefing on the Motion for Summary Judgment, seeking to do so for the first time now.

In addition, the cited material does not establish any contradiction justifying application of the sham affidavit doctrine.  "The general rule in the Ninth Circuit is that a party cannot create an issue of fact by an affidavit contradicting his prior deposition testimony."  *Van Asdale v. Int'l Game Tech.*, 577 F.3d 989, 998 (9th Cir. 2009) (quoting *Kennedy*, 952 F.2d at 266).  "[T]he rule 'does not automatically dispose of every case in which a contradictory affidavit is introduced to explain portions of earlier deposition testimony,' . . . rather, 'the district court must make a factual determination that the contradiction was actually a 'sham.''"  *Id.* (quoting *Kennedy*, 952 F.2d at 266-67).  Accordingly, "the non-moving party is not precluded from elaborating upon, explaining or clarifying prior testimony elicited by opposing counsel on deposition [and] minor inconsistencies that result from an honest discrepancy, a mistake, or newly discovered evidence afford no basis for excluding an opposition affidavit."  *Messick v. Horizon Indus.*, 62 F.3d 1227, 1231 (9th Cir. 1995).

In the first of the three claimed contradictions, GPI argues that in the Declaration, Plaintiff claimed that Guzman received accommodations while Plaintiff did not.  (Motion at 11).  On the other hand, in his deposition, Plaintiff "admitted he lacked any personal knowledge of whether Mr. Guzman receiv[ed] accommodations for a disability and only learned when he inquired that Mr. Guzman was fine, and thus not in need of an accommodation."  (*Id.*).  That characterization of Plaintiff's testimony is ***deeply*** flawed.  At his deposition, Plaintiff stated about Guzman that GPI

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No. CV 22-06945-MWF (MAAx)**                              **Date:  August 6, 2025**
Title:  Efren Gutierrez v. Graphic Packaging International, LLC et al.

"accommodated him, . . . instead of me.  They accommodated him.  Why not me[?]" (Deposition of Efren Gutierrez ("Gutierrez Dep. II") (Docket No. 45-17) at 272:19-23). When asked for more specifics on the timing of Gutierrez's accommodation, he stated that he lacked specific knowledge, but that the accommodations must have occurred between April and September 2019.  (*Id.* at 273:3-11).

Plaintiff's Declaration was filed nearly eight months after his deposition testimony was taken, during which time it is very possible he gained more knowledge regarding Guzman's accommodations.  In the Declaration, Plaintiff stated that "[i]n or around the fall of 2019, . . . Guzman received accommodations for his disability.  . . . Upon learning that my co-worker was accommodated while I was repeatedly told that there was no work for me, I returned to work and complained to my managers about this injustice."  (Declaration of Efren Gutierrez ("Gutierrez Dec.") (Docket No. 47-4) ¶¶ 12-13).  GPI leans heavily on Plaintiff's statement at the deposition that he "was not aware" and was "just informed" at that time about Guzman's accommodation, but this appears to be a simple misstatement—Plaintiff also claimed in the deposition that he confronted his manager about Guzman's accommodation in September 2019, which is entirely consistent with Plaintiff's Declaration.  Accordingly, there is no reason to disregard Plaintiff's Declaration on this basis.

To establish a putative second contradiction, GPI argues that there is a contradiction between Plaintiff's Declaration and deposition testimony concerning the state of his health.  GPI recounts that in the Declaration, Plaintiff stated that he "was fully capable of returning to work" around September 30, 2020, and went to the job site two days prior to his termination to resume his duties.  (Motion at 11).  GPI argues that this contradicts his deposition testimony because Plaintiff stated he was unable to resume his former duties until two years after LAPB's closure.  (*Id.*).

Frankly, Plaintiff's deposition testimony appears confused, and the argued contradiction rests on a point that Plaintiff did not appear to grasp in the deposition. Plaintiff *did* admit that he was cleared by his doctor to resume work in September 2022, approximately two years after the termination.  (Deposition of Efren Gutierrez ("Gutierrez Dep. I") (Docket No. 45-16) at 89:1-8).  However, when GPI's counsel

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No. CV 22-06945-MWF (MAAx)**              **Date:  August 6, 2025**
Title:  Efren Gutierrez v. Graphic Packaging International, LLC et al.

asked him whether he looked for work *beginning* at the time of his medical clearance, he said "[n]o. I looked for work," which appears to imply that his job search began before his medical clearance.  (*Id.* at 89:9-13).  However, Plaintiff *also* stated earlier that he "started looking for work as soon as [he] was cleared by the doctor." (*Id.* at 88:21-25).  As the Court reads it, Plaintiff's deposition testimony was *self-contradictory*, and the Declaration clarified that discrepancy or mistake.  In any case, none of this concerns the central statements in the Declaration—that on a date certain, Plaintiff showed up at his jobsite to work, and that he believed himself capable of doing so.  Before a finder of fact, it would obviously be relevant to a finding of liability that Plaintiff had not been medically cleared to work, but the lack of clearance does not necessarily conflict with his appearance at the jobsite and his subjective belief that he was capable of working at that time.

     To establish a third contradiction, GPI recounts the following statement in Plaintiff's Declaration: "I was discriminated against because of my age and disability, and retaliated against for bringing a worker's compensation claim, making good-faith complaints and needing accommodations." (Gutierrez Dec. ¶ 20).  GPI argues this conflicts with several portions of Plaintiff's deposition testimony.  Again, the Court is of the belief that Plaintiff was sincerely confused by GPI's questioning, which appear to have been designed to ask repetitive questions to elicit contradictory answers.

     In the Motion, GPI describes Plaintiff as admitting at the deposition that "he did not report any discrimination at the LAPB as he did not believe any discrimination occurred." (Motion at 12).  It is true Plaintiff answered "no," to the following question: "[S]o when I ask did you report what you said you believe is age, disability or discrimination to anyone, whether management or at all, is that yes or no?" (Gutierrez Dep. II at 260:2-6).  But this answer and the other deposition testimony cited for the same proposition, although perhaps inartful, does not come close to establishing what GPI claims it does—that Plaintiff did not subjectively believe discrimination occurred.  If anything, it is also contradicted by Plaintiff's own statement at the deposition that he *did* report discrimination to management. (*Id.* at 258:20-259:10).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 22-06945-MWF (MAAx)                          Date:  August 6, 2025
Title:  Efren Gutierrez v. Graphic Packaging International, LLC et al.

Where deposition testimony is itself contradictory, a declaration is not a sham for clarifying the discrepancy.  *Messick*, 62 F.3d at 1231.  That is not to say that contradictory deposition testimony is desirable:  Had the matter proceeded to trial, there is little doubt the jury would find such contradictions to be evidence in favor of GPI.  But the Court simply cannot conclude that Plaintiff produced no evidence in support of his claims by entirely casting aside his Declaration and deposition testimony, however damaging that deposition testimony would have proven to be.

GPI's argument that Plaintiff contradicted his deposition testimony regarding retaliation is also not persuasive.  GPI contends that Plaintiff "also denied either GPI or any of his LAPB employers retaliated against him."  (Motion at 12).  At the deposition, Plaintiff was asked whether any employer retaliated against him, and he asked counsel to clarify the meaning of "retaliation."  (Gutierrez Dep. II at 308:17-19).  Counsel refused to clarify the meaning of the word, and Plaintiff stated that he thought he *was* subject to retaliation.  (*Id.* at 308:20-25).  Plaintiff's counsel objected that the question called for a legal conclusion and Plaintiff stated that he did not think he was subject to retaliation in the sense that the Defendants did not have "something personal against [him]."  (*Id.* at 309:1-14).

In context, the Court construes the interaction as follows:  A layman was asked a question about whether he had been subject to acts described under a legal term of art.  He asked for clarification and clarification was denied.  His counsel rightly objected that the answer called for a legal conclusion.  The layman then stated that he did not feel his employers had personal animus against him.  That chain of events is quite far from an admission that retaliation never occurred.

Accordingly, the Court considers Plaintiff's Declaration alongside the other evidence submitted in the briefing on the Motion for Summary Judgment.  Because Plaintiff put forward "some evidence" in support of his claims, even if not enough to create a genuine dispute of material fact, the Court refrains from awarding GPI its attorneys' fees.  Moreover, as noted above, the significance of Plaintiff's evidence depends on decisions of this Court that, ultimately, were rulings on the law.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 22-06945-MWF (MAAx)            **Date:** August 6, 2025
**Title:** Efren Gutierrez v. Graphic Packaging International, LLC et al.

At the hearing, GPI again reiterated the strong evidence in favor of its position at summary judgment. But as expressed throughout this Order, emphasis on the strength of GPI's position is misplaced because however strong it was, it is still the case that Plaintiff produced at least "some evidence" in support of his position.

Defendant also urged the Court not to consider Plaintiff's Opposition because it was filed two days after the deadline. First, for the reasons described throughout this Order, the Court need not rely on Plaintiff's Opposition to determine that the motion should be denied. Second, it is entirely within the Court's discretion whether to consider the Opposition or to view the lack of Opposition as consent to the Motion. *See* L.R. 7-12 ("The Court *may* decline to consider any memorandum or other document not filed within the deadline set by order or local rule. The failure to file any required document, or the failure to file it within the deadline, *may* be deemed consent to the granting or denial of the motion.") (emphases added). It appears obvious that Plaintiff did not intend to consent to the payment of nearly $200,000 in GPI's fees, and the Court does not believe GPI is prejudiced by consideration of the Opposition.

Of course, because the Court does not find GPI's request to be legally supported, the Court does not address the reasonability of counsel's fees.

Accordingly, the Motion is **DENIED**.

IT IS SO ORDERED.